**TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellant,**

v.

**Frederick SCHAEJBE, Appellee.**

No. 14–83–834–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Oct. 4, 1984.

Mike Driscoll, Co. Atty., Roderick Q. Lawrence, Asst. Co. Atty., Houston, for appellant.

Larry D. Hatley, Houston, for appellee.

Before JUNELL, SEARS and SHARPE, JJ.

## OPINION

SEARS, Justice.

This is an appeal from a driver's license suspension proceeding.

In August 1982, Frederick Schaejbe (Appellee) was found by the municipal court of Houston to be an habitual violator of the state traffic laws pursuant to TEX.REV. CIV.STAT.ANN. art 6687b, § 22(b)(4) (Vernon Supp.1984). The court ordered that Schaejbe's license be suspended for a period of twelve months; however, pursuant to Article 6687b § 22(e), Appellee's suspension was probated.

Subsequently, during the probationary period, Schaejbe was cited for speeding in Harris County, and was convicted for this violation. On June 15, 1983, the Harris County municipal court found Schaejbe guilty of violating his probation. Upon receiving such finding, the Texas Department of Public Safety, under authority of Article 6687b, § 22(f), suspended Appellee's driv-

er's license. An appeal was taken from this order of suspension to the Harris County civil court at law. Following a trial de novo wherein Schaejbe stipulated that he violated his probation, the court ordered the suspension of Appellee's license for twelve months, but probated the suspension for the same twelve month period. The Texas Department of Public Safety appeals from this judgment granting Appellee a second probationary term. We affirm.

In its sole point of error, Appellant argues the trial court erred in probating Appellee's driver's license suspension upon finding he had violated the terms and conditions of the original probated order of suspension. It is Appellant's contention that once violation of a probation was established, it was mandatory that Appellee's license be suspended pursuant to TEX. REV.CIV.STAT.ANN. art. 6687b, § 22(f) (Vernon 1977). It is Appellant's position that because Section 22(f) provides that the *sole* issue to be determined at a probation revocation hearing is whether appellee violated a condition of his probation, it logically follows that this is the sole issue to be determined at a trial de novo. *See* Tex. Atty.Gen.No. JM–31 (1983). Appellant notes that the Texas Department of Public Safety has followed this interpretation since 1969 when Section 22(f) was enacted. It cites *Stanford v. Butler*, 142 Tex. 692, 181 S.W.2d 269 (1944), for the proposition that while a contemporaneous construction of an act by those charged with its enforcement is not absolutely controlling in interpreting such, it is nevertheless highly persuasive and is entitled to great weight in determining the meaning of statute that is ambiguous or uncertain. *Stanford*, 181 S.W.2d at 273.

While the construction given a statute (or portion thereof) by both an administrative agency and the attorney general may be important when a statute is ambiguous, the court may overturn such interpretation if contrary to the plain meaning of the statute. *Citizens National Bank of Paris, Illinois v. Calvert*, 527

S.W.2d 175 (Tex.1975); *Brown Express, Inc. v. Railroad Commission,* 415 S.W.2d 394 (Tex.1967); *Columbia—Southern Chemical Corp. v. Corpus Christi Shell Co.,* 297 S.W.2d 191 (Tex.Civ.App.—San Antonio 1956, writ ref'd n.r.e.). Upon reviewing the provisions of Article 6687b concerning a licensee's right of appeal, we cannot support Appellant's interpretation of Section 22(f). Section 22(a) of the same article authorizes the Texas Department of Public Safety to summon a licensee to appear for an administrative hearing before the mayor of the city, judge of the police court, or a Justice of the Peace in order to determine whether his license should be suspended or revoked. If a determination is made to suspend or revoke a party's license, the licensee may appeal to the county court. Section 22(c) of Article 6687b provides that this appeal will be tried de novo. When the county court acquires jurisdiction of the appeal, Section 22(c) further states that all administrative or executive action taken prior to the appeal shall be null and void, and *the rights of the parties thereto shall be determined by the court as if there had been no intervening administrative or executive hearing.*

Section 22(e) states as follows:

The judge or officer holding a hearing under Subsection (a), (b), or (d) of this section, *or the court trying an appeal under Subsection (c) of this section,* on determining that the License shall be suspended or revoked, may, when it appears to the satisfaction of the court that the ends of justice and the best interests of the public as well as the defendant will be subserved thereby, recommend that the revocation or suspension be probated on terms and conditions deemed by the officer or judge to be necessary or proper. The report to the department of the results of the hearing must include the terms and conditions of such probation. When probation is recommended by the judge or officer presiding at a hearing, the department shall probate

the suspension or revocation (emphasis added.)

In turn, Section 22(f) reads as follows:

When the director believes that a licensee who has been placed on probation under Subsection (e) of this section has violated a term or condition of the probation, the director shall notify the licensee and summons him to appear at a hearing as provided in Subsection (a) or (d) of this section, after notice as provided in Subsection (a) of this section. *The issue at the hearing shall be whether a term or condition of the probation has been violated.* The officer or judge presiding at the hearing shall report his finding to the department and if the finding is that a term or condition of the probation is violated, the department shall revoke or suspend the license as determined in the original hearing (emphasis added.)

While Section 22(f) restricts the hearing officer at an administrative hearing to a determination of whether a term or condition of a licensee's probation has been violated, it places no such limits on the appellate court upon a trial de novo. If the legislature had intended such a restriction to apply to the court trying an appeal pursuant to Sec. 22(c) and (e) it would have so stated. We believe the plain meaning of Section 22(f) does not preclude the county court, pursuant to Section 22(e), from granting probation to a licensee after concluding that the licensee has violated a term or condition of a prior probation of a license suspension. We overrule Appellant's point of error.

The judgment of the trial court is affirmed.