TEXAS DEPARTMENT OF PUBLIC
SAFETY, Petitioner,

v.

Frederick SCHAEJBE, Respondent.

No. C–3674.

Supreme Court of Texas.

April 3, 1985.

Mike Driscoll, County Atty., John W. Mahoney, Asst. County Atty., Houston, for petitioner.

Littleton, Scherbarth & Associates, Larry D. Hatley, Houston, for respondent.

GONZALEZ, Justice.

■ This is an appeal from a driver's license suspension proceeding. The sole issue is whether a county court is authorized to grant probation to a habitual violator of state traffic laws whose license has been suspended and probated after the probation has been revoked pursuant to Tex.Rev.Civ. Stat.Ann. art. 6687b, § 22(f). We hold that the county court is not so authorized.

On August 16, 1982, respondent, Frederick Schaejbe, was adjudged a habitual traffic violator. A Houston municipal court suspended Schaejbe's license, but probated the suspension. This decision was not appealed.

On February 7, 1983, Schaejbe committed a moving traffic violation for which he was convicted. The municipal court found that this was a violation of the terms of his probation and suspended Schaejbe's license. Schaejbe then appealed to the Harris County civil court at law. In a de novo proceeding Schaejbe stipulated that he violated his probation. The county court ordered the suspension of his license for twelve months, but the suspension was

again probated. The Texas Department of Public Safety appealed, contending that after proof of a violation of probation, the county court had no power to again probate the suspension. The court of appeals affirmed the second probation. 681 S.W.2d 211. We disagree with the court of appeals' interpretation of the statute.

The original August 1982 judgment suspending the license but probating the suspension was not appealed. Article 6687b § 22(c) provides: "If any licensee ... fails within thirty (30) days to institute or prosecute a suit to set such suspension aside, then said final ruling and decision of the Department shall be binding upon all the parties thereto." Schaejbe did not appeal from the suspension or the terms of the probation. That decision was final. When the county court determined that the terms of probation had been violated, the consequences were determined by the original ruling.

The court of appeals held that section 22(e) gives the county court power, on de novo review of a 22(f) probation revocation proceeding, to again impose probation. This interpretation would create a conflict with the language of section 22(c) just cited, as the alternative of further probation was not possible under the first ruling. Further conflict with this theory is found within the provisions of subsection (f) itself, where it states that:

> [t]he issue at the hearing shall be whether a term or condition of the probation has been violated. The officer or judge presiding at the hearing shall report his findings to the department and if the finding is that a term or condition of the probation is violated, the department shall revoke or suspend the license as determined in the original hearing.

Tex.Rev.Civ.Stat.Ann. art. 6687b, § 22(f).

When an apparent conflict exists, it is the duty of the courts to resolve inconsistencies and effectuate the dominant legislative intent. *Southern Canal Co. v. State Bd. of Water Engineers*, 159 Tex. 227, 318 S.W.2d 619 (Tex.1959). Moreover, "[i]n all interpretations, the court shall look

diligently for the intention of the Legislature, keeping in view at all times the old law, the evil, and the remedy." Tex.Rev. Civ.Stat.Ann. art. 10(6).

Subsections (e) and (f) were not part of section 22 as originally enacted. Before 1969, there was no statutory authority to probate a license suspension. The legislature attempted to provide an alternative to this sometimes harsh result and enacted subsection (e), permitting probation, and subsection (f), setting out the procedures and consequences of violating probation. The intent of the legislature is clear. "Subsection (f) sets up procedures to follow if a term or condition has been violated. *Penalty is reinstatement of the original decision.*" House Committee on the Judiciary, Bill Analysis, Tex.H.B. 363, 61st Leg. (1969) (emphasis added).

The right of appeal in a license suspension proceeding does not exist in the absence of statutory authority, since a driver's license is not a right, but a privilege. *Schwantz v. Texas Dept. of Public Safety*, 415 S.W.2d 12 (Tex.Civ.App.—Waco 1967, writ ref'd). We hold that an appeal to a county court from a subsection 22(f) probation violation proceeding, although de novo, is nonetheless limited to the factual dispute indicated in 22(f), "whether a term or condition of the probation has been violated."

This construction is in accord with the language of the statute and the intent of the legislature. We therefore reverse the judgment of the court of appeals and reverse the judgment of the county court insofar as it probates the license suspension. That portion of the county court's judgment suspending the license is affirmed.