

# THE ATTORNEY GENERAL
## OF TEXAS

JIM MATTOX
ATTORNEY GENERAL

July 26, 1990

Honorable Robert Hill Trapp
County Attorney
San Jacinto County
P. O. Box 430
Coldspring, Texas 77331

Opinion No. JM-1192

Re: Application of section 31.04(a) of the Tax Code to tax bills which cannot be mailed because of an unknown address (RQ-1800)

Dear Mr. Trapp:

You ask the following question:

> Whether Sec. 31.04(a) of the Property Tax Code, providing for the postponement of the delinquency date for tax bills mailed after January 10, means that a delinquency date is never established for tax bills that cannot be mailed because of an unknown address.

We are informed that the staff of the State Property Tax Board consistently has construed section 31.04 of the code to forbid the establishment of a delinquency date and the imposition of penalties and interest in an instance in which no tax bill is sent because the address of the owner is not known. In Letter Opinion 89-60 (1989), this office was asked whether the construction by the staff of the State Property Tax Board of section 31.04 was correct. We concluded that it was. After reconsidering the issue, we conclude that the administrative construction of the State Property Tax Board is incorrect; we hereby overrule Letter Opinion 89-60.

Section 31.04 of the Tax Code provides the following in relevant part:

> (a) If a tax bill is mailed after January 10, the delinquency date provided by Section 31.02 of this code is postponed to the first day of the next month that will provide a period of at least 21 days after the date of mailing for payment of taxes before

> delinquent unless the taxing unit has adopted the discounts provided by Section 31.05(c) of this code, in which case the delinquency date is determined by Subsection (d) of this section.
>
>     . . . .
>
> (e)  If the delinquency date for a tax is postponed under Subsection (a) of this section, that postponed delinquency date is the date on which penalties and interest begin to be incurred on the tax as provided by Section 33.01 of this code.

The letter requesting the letter opinion from this office set forth the administrative construction adopted by the Office of General Counsel of the State Property Tax Board:

> If a tax office never mailed a tax bill, a delinquency date has not been established, and penalties and interest should not be added to the tax due.  A delinquency date is established only when a tax office mails an original tax bill.

Letter from Rep. Allen Hightower to Attorney General Jim Mattox (July 17, 1989) (quoting Mr. Dennis Hart, Office of General Counsel, State Property Tax Board).

The advice by the State Property Tax Board was based upon that agency's administrative construction of the effect of a 1985 amendment to subsection (e) of that section.[1]

---

1.  The State Property Tax Board has construed section 31.04 of the code in this manner since the adoption of the 1985 amendments to the section that added what is now subsection (e).  We note that the construction placed upon a statute by the agency charged with its administration is entitled to great weight, Ex parte Roloff, 510 S.W.2d 913 (Tex. 1974); State v. Aransas Dock & Channel Co., 365 S.W.2d 220 (Tex. Civ. App. - San Antonio 1963, writ ref'd), especially where contemporaneous, or nearly so, with the enactment of the statute itself. Burroughs v. Lyles, 181 S.W.2d 570 (Tex. 1944); Stanford v. Butler, 181 S.W.2d 269 (Tex. 1944).

Subsection (e), which has not been changed since its 1985 amendment, provides:

> (e)  If the delinquency date for a tax is postponed under Subsection (a) of this section, that postponed delinquency date is the date on which penalties and interest begin to be incurred on the tax as provided by Section 33.01 of this code.

Acts 1985, 69th Leg., ch. 753, § 1, at 2579. Prior to the 1985 amendment of subsection (e), that subsection provided the following:

> For purposes of this section, a taxing unit's tax bills are considered mailed on the earliest date on which the unit has mailed all or substantially all of the tax bills.

The difficulty in construing section 31.04 arose because of that section's apparent conflict with section 31.01 of the code.

Section 31.01 of the code imposes on the assessor for each taxing unit the duty of preparing and mailing a tax bill and sets forth those items of information that a tax bill must contain. That section provides in pertinent part:

> (a)  Except as provided by Subsection (f) of this section, the assessor for each taxing unit shall prepare and mail a tax bill to each person in whose name the property is listed on the tax roll or to his authorized agent. The assessor shall mail tax bills by October 1 or as soon thereafter as practicable.
>
> . . . .
>
> (f)  The governing body of a taxing unit may provide in the manner required by law for official action by the body that a tax bill not be sent until the total amount of unpaid taxes the unit collects on the property is $25 or more. Penalties and interest do not accrue during a period when a bill is not sent because of the provisions of this section.

> (g) <u>Except as provided by Subsection (f)</u>
> <u>of this section, failure to send or receive</u>
> <u>the tax bill required by this section does</u>
> <u>not affect the validity of the tax, penalty,</u>
> <u>or interest, the due date, the existence of a</u>
> <u>tax lien, or any procedure instituted to</u>
> <u>collect a tax.</u>[2] (Emphasis added.)

It is our understanding that the staff of the board construed the underscored language of subsection (g) of section 31.01 to be in conflict with the amended version of subsection (e) of section 31.04. Statutes bearing upon the same subject matter should be construed together and both given effect, if it is possible to do so, because the repeal of a statute by implication is not favored. <u>Texas Dep't of Pub. Safety v. Schaejbe</u>, 687 S.W.2d 727 (Tex. 1985); <u>Standard v. Sadler</u>, 383 S.W.2d 391 (Tex. 1964). However, in an instance in which two statutory provisions enacted at the same time or during different sessions of the legislature are irreconcilable, the statute latest in time of enactment prevails. <u>See</u> Gov't Code § 311.026. The staff of the board, invoking that principle, concluded that subsection (e) of section 31.04 controlled over subsection (g) of section 31.01, because it was the provision enacted later in time.

Admittedly, a reading of section 31.04 of the code, in isolation from other provisions, tends to support the board's construction. However, when section 31.04 is construed with other provisions of the Tax Code[3] and of the Rules of Civil Procedure,[4] it becomes clear that the board's construction cannot be reconciled with other statutory

---

2. Subsection (f) was amended in 1987 to raise the minimum amount of taxes due that triggers the duty to send a tax bill from $5 to $25. Acts 1987, 70th Leg., ch. 834, § 1, at 2870. Subsection (g) has not been amended since the code's enactment in 1979.

3. <u>See, e.g.,</u> Tax Code §§ 25.02(1), 33.04.

4. Rule 117a of the Rules of Civil Procedure governs citation in suits for delinquent ad valorem taxes and specifically provides for service by publication in the event that the name or address of a delinquent taxpayer is unknown. The rule was first added in 1947 and most recently amended in 1987.

provisions. The State Property Tax Board's construction of section 31.04 presupposes that the legislature intended the section to govern in all instances in which no tax bill is mailed. For two reasons, we disagree with this construction of the relevant provisions.

First, if section 31.04 were intended to govern in instances in which no tax bill <u>can</u> be mailed, then the irreconcilable conflict between that provision and section 31.01 arose first, not in 1985, but in 1979 when the Tax Code originally was enacted. Section 31.04 originally provided the following:

> (a) <u>If tax bills are mailed after January 10, the delinquency date provided by Section 31.02 of this code is postponed to the first day of the next month that will provide a period of at least 21 days after the date of mailing for payment of taxes before delin-quent</u>.

> (b) If the delinquency date is postponed as provided by this section, the assessor who mails the bills shall notify the governing body of each taxing unit whose taxes are included in the bills of the postponement. If the due date for state taxes is postponed, the county assessor-collector shall notify the State Property Tax Board of the postpone-ment.

> (c) A payment option provided by Section 31.03 of this code or a discount provided by Section 31.05 of this code does not apply to taxes that are calculated too late for it to be available. (Emphasis added.)

If the 1985 amendment to subsection (e) of section 31.04 had never been enacted, there would still be a conflict between the two sections under the State Property Tax Board's construction of section 31.04. The conflict arises between the original 1979 version of subsection (a) of section 31.04 and the original version of subsection (g) of section 31.01.

Under the board's construction of subsection (a), if no tax bill is ever mailed, then no delinquency date is ever established and no taxes could ever be collected on such property. But subsection (g) of section 31.01 provides that failure to send a tax bill does not affect the validity of a

tax, penalty or interest, the due date, the existence of a tax lien or any procedure instituted to enforce the collection of a tax.  Thus, the apparent conflict between the two provisions antedates the enactment of the amendment to subsection (e) of section 31.04.  The apparent conflict that we must resolve involves statutes, the relevant portions of which were enacted during the same legislative session and were included in the same bill.  Acts 1979, 66th Leg., ch. 841, § 1, at 2284-85.  Therefore, reliance on the "later in time" principle of statutory construction is inappropriate.

Second, even if we were to accept, _arguendo_, the construction of section of 31.04 adopted by the board, such a construction cannot be reconciled with an amendment to section 33.04 of the code enacted by the same legislature that enacted the amendment to subsection (e) of section 31.04.  Section 33.04 of the code governs the notice of delinquency that must be delivered to delinquent taxpayers.  The predecessor statute to section 33.04 of the code, article 7324, V.T.C.S., originally required a tax collector to notify every delinquent taxpayer listed on the tax rolls once every year.  Subsection (a) of section 33.04, as originally enacted, imposed the same duty on tax collectors to notify delinquent taxpayers yearly, but also imposed at subsection (b) an additional duty on tax collectors of notifying in each year divisible by five every delinquent taxpayer who owes a tax that has been delinquent more than one year.

Subsection (c) of section 33.04 originally provided that the tax collector had a duty to send a notice every five years, but only if the collector knew or, by exercising reasonable diligence, could determine the delinquent taxpayer's name and address.  In the event that the collector could not determine the taxpayer's name and address, he was required to provide notice by publishing it in a newspaper.  In 1985 section 33.04 was amended to provide, _inter alia_, that the reasonable diligence provisions regarding the tax collector's duty to provide the notice required every five years by subsection (b) were extended to the yearly notice required by subsection (a):

> (a)  At least once each year the collector for a taxing unit shall deliver a notice of delinquency to each person whose name appears on the current delinquent tax roll.  <u>However, the notice need not be delivered if</u>:

> (1)  [Exception inapplicable];

   (2) <u>the collector does not know and by exercising reasonable diligence cannot determine the delinquent taxpayer's name and address</u>. (Emphasis added.)

Acts 1985, 69th Leg., ch. 761, § 1, at 2601.

  Thus, under the board's construction of section 31.04, a 1985 amendment to subsection (e) of that section acts to forbid the establishing of a delinquency date if no tax bill is ever mailed, even in an instance in which no bill can be sent because the address of the taxpayer is unknown. But a 1985 amendment to section 33.04 provides that a tax collector has no duty to notify a delinquent taxpayer, except by newspaper notice, if the collector does not know and cannot determine, by exercising reasonable diligence, the delinquent taxpayer's name and address.

  In an instance in which conflicting statutes are enacted by the same session of the legislature, the latest expression of legislative intent prevails. <u>Ex parte de Jesus de la O.</u>, 227 S.W.2d 212 (Tex. Crim. App. 1950); Attorney General Opinions JM-908 (1988); MW-139 (1980); H-115 (1973). In this instance, the date on which legislative action last occurred on each bill was the same, namely May 26, 1985. The Senate Journal indicates, however, that the house took action on the bill containing the amendment to section 33.04 later than it took action on the other bill. S.J. of Tex., 69th Leg. 2040-41 (May 26, 1985).

  Therefore, if we were to construe section 31.04 to govern in instances in which no tax bill could be sent because the address of the taxpayer was unknown, then, invoking the same principle that the staff of the board invoked, we would perforce conclude that the amendment to section 33.04 effectively controlled the amendment to section 31.04, and that the board's construction of section 31.04 was incorrect. However, we reject the board's construction of section 31.04, because we reject the presupposition upon which that construction was predicated, namely that the section was intended in the first instance to govern a situation in which a tax bill could not be sent because the address of a delinquent taxpayer was unknown. Two arguments support our construction.

  First, as we noted earlier, we are required to construe statutes <u>in pari materia</u> in such a way as to harmonize any conflicts, if such a construction is possible, because the repeal of a statute by implication is not favored. We construe section 31.04 to govern only in instances in which

a tax bill can be sent, but is mailed late; it has no application in an instance in which no tax bill can sent because the name or address of the delinquent taxpayer is unknown. Our construction of section 31.04 harmonizes any apparent conflict with other statutory provisions and renders any further reliance on abstruse principles of statutory construction otiose.

Second, we are required to construe statutory provisions in such a way that will not lead to absurd or ridiculous consequences. <u>Citizens Nat'l Bank v. Calvert</u>, 527 S.W.2d 175 (Tex. 1975); <u>Magnolia Petroleum Co. v. Walker</u>, 83 S.W.2d 929 (Tex. 1935). Section 33.41 of the code permits a taxing unit, at any time after a tax on property becomes delinquent, to file suit to foreclose a tax lien. As we noted earlier, if section 31.04 of the code were construed to reach situations in which no tax bill was sent because the address of the delinquent taxpayer was unknown, then the section would effectively prohibit the establishment of a delinquency date and no taxes could ever be collected on such property. We have found nothing in the code to indicate that the legislature intended such a result.

Therefore, we conclude that section 31.04 of the Tax Code does not govern in instances in which no tax bill can be sent because the name or address of the taxpayer is unknown; it governs only in situations in which a tax bill can be mailed but is mailed late. In an instance in which no bill can be mailed because the address of the taxpayer is unknown, section 31.02 of the code, which provides that the delinquency date is February 1 of the year after the taxes are imposed, controls the establishment of a delinquency date.

## S U M M A R Y

Section 31.04 of the Tax Code does not operate to forbid the establishment of the delinquency date and the imposition of penalties and interest on taxes due in a situation in which no tax bill is sent because the name or address of the delinquent taxpayer is unknown. Section 31.04 governs in instances in which tax bills can be mailed, but are mailed late. Subsection (a) of section 33.04 of the code specifically provides that the duty imposed on a tax collector to notify delinquent taxpayers does

not apply where the collector does not know and, by exercising reasonable diligence, cannot determine the name or address of the delinquent taxpayer. In an instance in which no tax bill can be mailed because the address of the taxpayer is unknown, section 31.02 of the code, which provides that the delinquency date is February 1 of the year after the taxes are imposed, controls the establishment of a delinquency date.

Very truly yours,

JIM MATTOX
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

LOU MCCREARY
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RENEA HICKS
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Jim Moellinger
Assistant Attorney General