**Marvin Lee STOKER, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 11–93–042–CR.**

Court of Appeals of Texas, Eastland.

Sept. 22, 1994.

Roger Nichols, Abilene, for appellant.

James Eidson, Nelda Williams, Crim. Dist. Atty's. Office, Abilene, for appellee.

McCLOUD, Chief Justice.

The jury found appellant, Marvin Lee Stoker, guilty of driving while intoxicated, and the trial court assessed his punishment at confinement in the Taylor County Jail for 10 days and a fine of $100. Appellant appeals. We affirm.

All of appellant's points of error relate to his contention that TEX.REV.CIV.STAT. ANN. art. 6687b, § 24(a–1) (Vernon Supp. 1994) is unconstitutional under the United States and Texas Constitutions. We will not reach appellant's constitutional arguments.

Article 6687b, § 24(a–1) provides:

The license of any person who was younger than 21 years of age at the time of the offense, other than a misdemeanor punishable by fine only, shall be automatically suspended on conviction of:

(1) An offense under Article 6701*l*–1, Revised Statutes, committed as a result of the introduction of alcohol into the body.

Appellant does not challenge his conviction or punishment. Article 6687b, section 24(a–1) is self-operative. The license is automatically suspended upon conviction. The suspension is not within the discretion of a court or jury. *Lugo v. Tagle,* 783 S.W.2d 815 (Tex.App.—Corpus Christi 1990, no pet'n). The court in *Davison v. State,* 166 Tex.Crim. 376, 313 S.W.2d 883, 886 (App.1958), stated that the "ancillary results" of a conviction are not a part of the punishment prescribed by the legislature to the offense on trial. Appellant's points relate to ancillary results and do not properly challenge the conviction or punishment.

Furthermore, the right to appeal a license suspension does not exist in the absence of statutory authority since a driver's license is not a right but a privilege. *Texas Department of Public Safety v. Schaejbe,* 687 S.W.2d 727 (Tex.1985). TEX.REV.CIV. STAT.ANN. art. 6687b, § 31(a) (Vernon Supp.1994) provides that there is no right to appeal an "automatic" suspension pursuant to Article 6687b.

The judgment of the trial court is affirmed.

DICKENSON, J., not participating.