Cano v. State 

















IN THE
TENTH COURT OF APPEALS
 

No. 10-94-197-CR

     JOHN ROBERT CANO,
                                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                                              Appellee
 

From the County Court at Law
Brazos County, Texas
Trial Court # 967-92
                                                                                                    

O P I N I O N
                                                                                                    

      John Robert Cano was charged with the misdemeanor offense of driving while intoxicated
(DWI). See Tex. Penal Code Ann. § 49.04 (Vernon 1994).


 The offense occurred on February
1, 1992, when Cano was eighteen-years old. On March 22, 1994, a jury found Cano guilty. The
court assessed punishment at 180 days, probated for one year, and a $200 fine. Cano was twenty-one-years old at the time of trial.
      Cano appeals on three points. In his first point, he alleges that the court erred in failing to
grant a directed verdict. In his second and third points, he complains of the suspension of his
driver's license. We will affirm the judgment.
      In his first point, Cano complains that the court erred in refusing to grant a directed verdict
because the State failed to prove an essential element of the offense. A person commits the offense
of DWI if the person is intoxicated while driving or operating a motor vehicle in a public place. 
See id. Cano argues that the State failed to adduce competent evidence of the "motor vehicle"
element.
      Morgan Harkrider, an officer with the Texas A&M University police department, testified
that at approximately 1 a.m. on February 1, 1992, she observed a vehicle travelling without
headlights. Harkrider followed the vehicle which was weaving between lanes and exceeding the
speed limit. She stopped the vehicle, which she described as a maroon Ford Explorer, and asked
Cano, the driver, to exit the vehicle and perform sobriety tests. Harkrider's patrol car was
equipped with a mobile video system. Once Cano's vehicle was stopped, she videotaped the
incident. The videotape was played before the jury. Harkrider testified that she also administered
sobriety tests to the passenger and determined that the passenger was not too impaired to operate
the "motor vehicle." 
      Contrary to Cano's brief, Harkrider did specifically refer to Cano's vehicle as a motor
vehicle. We overrule point one.
       In his third point, Cano asserts that the court "incorrectly applied the provisions of Vernon's
Ann. Texas Civ. St. art. 6687b and improperly revoked [his] driver's license during a period of
probation."
      Article 6687b, section 24(a-1), provides in part:
The license of any person who was younger than 21 years of age at the time of the
offense, other than a misdemeanor punishable by fine only, shall be automatically
suspended on conviction of:
(1) an offense under Article 6701l-1, Revised Statutes, committed as a result of
introduction of alcohol into the body.

Tex. Rev. Civ. Stat. Ann. art. 6687b, § 24(a-1) (Vernon Supp. 1995).
      Cano asserts in his brief that, initially, the court did not suspend his license at the time
punishment was assessed. The Brazos County probation department determined that a driver's
license suspension was mandatory—because Cano was under the age of twenty-one at the time of
the offense—and the court then modified its original sentence and imposed a driver's license
suspension. The State responds that the court did not order the suspension of Cano's
license—suspension is a ministerial act performed by the Texas Department of Public Safety. 
      Article 6687b, section 24(a-1), is self-operative—the license is automatically suspended upon
conviction. Stoker v. State, 886 S.W.2d 443, 444 (Tex. App.—Eastland 1994, no pet.) The
suspension is not within the discretion of the court. Id.; Lugo v. Tagle, 783 S.W.2d 815, 816
(Tex. App.—Corpus Christi 1990, orig. proceeding). We find no order of the trial court
suspending Cano's license.


 Thus, we find no evidence that the court "incorrectly applied" the
provisions of the statute. We overrule point three.
      In his second point, Cano asserts that article 6687b is unconstitutional because it allows
suspension of a defendant's driver's license based on his age. As part of Cano's probated
sentence, he was required to "attend and complete an alcohol education program." He argues that,
if he had been twenty-one or older at the time of the offense, his license would not have been
suspended during the period of probation. 
      Section 24(g)(1) of article 6687b prevents the DPS from revoking a person's driver's license
during the period of probation if the person has been ordered to attend and successfully complete
an educational program designed to rehabilitate persons who have driven while intoxicated. Tex.
Rev. Civ. Stat. Ann. art. 6687b, § 24(g)(1) (Vernon Supp. 1995). However, section 24(g)(1)
specifically states that section 24(j) is an exception. Section 24(j) states in part:
The Department shall suspend the license of a person who is younger than 21 years of
age and is convicted of an offense under . . . Article 6701l-1, Revised Statutes, regardless
of whether the person is required to attend an educational program designed to
rehabilitate persons who have driven while intoxicated . . . .

Id. § 24(j) (Vernon Supp. 1995).
      A legislative classification based on age is constitutionally permissible if it is reasonable, not
arbitrary, and rests upon some difference having a fair and substantial relation to the object of the
legislation, so that all persons similarly circumstanced are treated alike. Texas Women's Univ. v.
Chayklintaste, 530 S.W.2d 927, 928 (Tex. 1975). When no suspect categories are involved, any
rational basis may justify the classification. Id. A strong presumption exists that a valid
legislative enactment is constitutional. Vinson v. Burgess, 773 S.W.2d 263, 266 (Tex. 1989). The
burden to prove otherwise is on the party attacking the constitutionality of the enactment. Texas
Pub. Bldg. Auth. v. Mattox, 686 S.W.2d 924, 927 (Tex. 1985). 
      An eighteen-year-old can marry, vote, and contract. An eighteen-year-old, however, cannot,
except in limited circumstances, legally purchase, consume, or possess alcoholic beverages. Tex.
Alco. Bev. Code Ann. §§ 106.02, 106.04, 106.05 (Vernon 1995). The "drinking age" has
slowly been restored from eighteen to twenty-one. See Boyd v. Fuel Distrib., Inc., 795 S.W.2d
266, 275 (Tex. App.—Austin 1990, writ denied). Raising the age to twenty-one was done by the
Legislature for the express purpose of avoiding a cut-off of federal highway maintenance funds. 
Id. 
      On the night of the offense, Cano was eighteen-years old. He and his roommate, also
eighteen, had shared a six-pack of beer and then gone to a pool hall and shared a pitcher of beer. 
Neither was old enough to have legally purchased, consumed, or possessed the beer. Cano was
stopped by Officer Harkrider on his way home from the pool hall. 
      The Legislature has seen fit to raise the drinking age to twenty one. Likewise, the Legislature
has specifically stated that underage drunk drivers will automatically lose their driver's licenses. 
We believe that the age classification in article 6687b, section 24, is reasonable, not arbitrary, and
rests upon some difference having a fair and substantial relation to the object of the
legislation—keeping underage drunk drivers off the road—so that all persons similarly
circumstanced are treated alike. See Texas Women's Univ., 530 S.W.2d at 928. Cano fails to
show that the age classification is constitutionally impermissible. We overrule point two and
affirm the judgment.
 
                                                                                 BILL VANCE
                                                                                 Justice
Before Chief Justice Thomas,
          Justice Cummings, and
          Justice Vance
Affirmed
Opinion delivered and filed April 26, 1995
Do not publish