Reid Alan PHILLIPS, Appellant,

v.

TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellee.

No. 09–11–00143–CV.

Court of Appeals of Texas, Beaumont.

Submitted Nov. 3, 2011.

Decided March 8, 2012.

W. Troy McKinney, Schneider & McKinney, P.C., Houston, for appellant.

Kevin M. Givens, ALR Appellate Section, Cassandra Magee, Austin, Texas Department of Public Safety, for appellee.

Before GAULTNEY, KREGER, and HORTON, JJ.

## OPINION

DAVID GAULTNEY, Justice.

Reid Alan Phillips appeals an order suspending his driver's license. Phillips contends he should have been allowed to subpoena the breath test technical supervisor to testify at the suspension proceeding. We hold that, because the administrative law judge could reasonably conclude Phillips did not show good cause for the subpoena, the judge did not abuse his discretion in denying the request.

## THE FACTS

While driving on a highway, Phillips attempted to avoid an object in the road and lost control of the vehicle. Raymond Adams, the investigating officer, noticed appellant's eyes were red and glassy. Officer Adams smelled alcohol. Phillips and his passenger said Phillips had two beers.

Adams administered sobriety tests. During the horizontal gaze nystagmus test, the officer noted six out of six clues of intoxication. Adams saw Phillips "sway heavily" during the test. The officer noted two out of eight clues on the walk-and-turn test, and three out of four clues on the one-leg-stand test. Adams believed Phillips was intoxicated, and placed him under arrest.

Phillips provided a breath sample for testing. The breath test technical supervisor signed an affidavit in which the supervisor attested to the following: a certified breath test operator conducted the test on a certified instrument; the test was administered in compliance with the laws of Texas and the regulations of the Breath Alcohol Testing program; and the instrument was reliable and in proper working condition at the time of the test. *See* Tex. Transp. Code Ann. § 524.038(a)-(c) (West 2007). The affidavit stated that the "[a]nalytical results of the aforesaid test disclosed alcohol concentrations of 0.086 and 0.101, both of which were valid analytical results." *See* Tex. Penal Code Ann. § 49.01(2) (West 2011).

## THE SUBPOENA REQUEST

Appellant received notice of the suspension of his driver's license. *See* Tex. Transp. Code Ann. § 524.011 (West Supp.

2011). He requested a hearing. *See* Tex. Transp. Code Ann. § 524.031 (West 2007). A person requesting a hearing may apply to the State Office of Administrative Hearings for a subpoena for the attendance of the breath test technical supervisor responsible for maintaining and directing the operation of the breath test instrument. *See* Tex. Transp. Code Ann. § 524.039(a) (West Supp.2011). The subpoena must be issued "only on a showing of good cause." *Id.* Phillips timely applied for the issuance of a subpoena for the attendance of the breath test technical supervisor. *See id.*

The Administrative Code provides: "A request for the issuance of a subpoena for the appearance of a breath test operator or technical supervisor shall include an affidavit based on personal knowledge establishing a genuine issue concerning the validity of the breath test that requires the appearance of the witness to resolve." 1 Tex. Admin. Code § 159.101(a) (2011).[1] Phillips attached to his subpoena request his counsel's affidavit stating why counsel believed there was a genuine issue requiring the supervisor's testimony. *See id.* The administrative law judge denied the subpoena request. At the suspension hearing, Phillips renewed his request for the subpoena. *See id.* The request was denied after the administrative law judge heard evidence and argument.

The administrative law judge concluded that the Texas Department of Public Safety proved the issues set out in section 524.035 of the Texas Transportation Code. Tex. Transp. Code Ann. § 524.035 (West Supp.2011). The judge's order authorized the Department to suspend appellant's driving privileges for ninety days. *See*

---

1. *See generally* 35 Tex. Reg. 4145 (2010) (Comments suggest good cause showing may include: "[D]ocumentation reflecting a discrepancy between the stated time of arrest and the time reflected on the breath test slip; information that the equipment was out of tolerance and taken out of service on the date of arrest; or video showing the [Breath Test Operator] leaving the room during the fifteen minute waiting period.").

Tex. Transp.Code Ann. §§ 524.022(a)(1), 524.035(a),(b) (West Supp.2011). Phillips appealed the decision. *See* Tex. Transp. Code Ann. § 524.041 (West 2007). The county court at law affirmed the suspension order. *See* Tex. Gov't Code Ann. § 2001.174(1) (West 2008).

## STANDARDS OF REVIEW

The Government Code provides the standard for judicial review of the suspension order. *See* Tex. Gov't Code Ann. § 2001.174; *see also* Tex. Transp. Code Ann. §§ 524.002 (West 2007), 724.047 (West 2011); *Tex. Dep't of Pub. Safety v. Cantu,* 944 S.W.2d 493, 495 (Tex.App.-Houston [14th Dist.] 1997, no writ). Section 2001.174 provides in part:

[A] court may not substitute its judgment for the judgment of the state agency on the weight of the evidence on questions committed to agency discretion but:

(1) may affirm the agency decision in whole or in part; and

(2) shall reverse or remand the case for further proceedings if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:

(A) in violation of a constitutional or statutory provision;

(B) in excess of the agency's statutory authority;

(C) made through unlawful procedure;

(D) affected by other error of law;

(E) not reasonably supported by substantial evidence considering the reliable and probative evidence in the record as a whole; or

(F) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

Tex. Gov't Code Ann. § 2001.174 (West 2008); *see also Tex. Dep't of Pub. Safety v. Cuellar,* 58 S.W.3d 781, 783–84 (Tex.App.-San Antonio 2001, no pet.); *Raesner v. Tex. Dep't of Pub. Safety,* 982 S.W.2d 131, 132 (Tex.App.-Houston [1st Dist.] 1998, pet. denied) (citing Tex. Gov't Code Ann. § 2001.174(2) and *Tex. Dep't of Pub. Safety v. Valdez,* 956 S.W.2d 767, 769 (Tex. App.-San Antonio 1997, no pet.)).

## ANALYSIS

■ Phillips contends that his request demonstrated good cause for a subpoena. He argues that this Court should reverse the suspension order because "the administrative law judge's refusal to subpoena the technical supervisor was a prejudicial error of law, arbitrary, capricious and a clearly unwarranted exercise of discretion." The Department argues Phillips failed to preserve his complaint because he did not tell the administrative law judge the questions he intended to ask the technical supervisor and the answers he expected.

Phillips notes that in the Texas Administrative Code, section 159.101(b) incorporates portions of section 159.103, but does not incorporate section 159.103(e). *See* 1 Tex. Admin. Code §§ 159.101(b), 159.103(e) (2011). Section 159.103(e) provides that the judge must refuse to issue the subpoena if "(1) the testimony or documentary evidence is immaterial, irrelevant, or would be unduly repetitious; or (2) good cause has not been demonstrated." *See* 1 Tex. Admin. Code § 159.103(e). Phillips argues that the failure to incorporate section 159.103(e) into section 159.101 indicates that the drafters did not intend for the administrative law judge to have discretion to deny the request for a subpoena of a breath test technical supervisor when

the requirements of section 159.101 are met.

The argument assumes that the requirements of section 159.101 have been met, but that is the question here. Section 159.101, which implements section 524.039 of the Transportation Code, applies specifically to subpoenas for the testimony of the breath test technical supervisor and the breath test operator. Although, as appellant notes, section 159.101 only incorporates portions of section 159.103, the material portion not incorporated is expressly and more specifically provided for in section 159.101 of the Administrative Code and section 524.039 of the Transportation Code. *See* 1 Tex. Admin. Code § 159.103(b), (c), (e), (f)(2), g(1),(2); *see also* 35 Tex. Reg. 4145–46 (2010) (explaining that section 159.101 requires a formal and somewhat detailed showing of the need for the testimony of breath test operators and supervisors, though the simplified procedures for other witnesses are provided elsewhere). Section 159.101 "establishes a reasonable threshold for establishing good cause and an appropriate mechanism to allow the Administrative Law Judge (ALJ) to make an informed decision on the request." 35 Tex. Reg. 4145. The question before the administrative law judge was whether the requirement for good cause had been met in this case.

The affidavit counsel presented to support the subpoena request provides as follows:

> [T]he undersigned counsel believes (or has knowledge based on a review of the documents DPS intends to submit, which includes the kind and quantity of alcohol consumed, the time of the last drink, the food consumed, the time of driving, and the time of the breath test) that there is a genuine issue concerning the validity of the breath test that requires the appearance of the witness (the technical supervisor) to resolve and that the technical supervisor over the machine used in this case would testify either that it is not possible to know by a preponderance of the evidence whether Defendant was at or above .08 at the time of driving or that Defendant was most likely below .08 at the time of driving. Based on the foregoing information, counsel also believes (or has knowledge based on a review of the documents DPS intends to submit, which includes the kind and quantity of alcohol consumed, the time of the last drink, the food consumed, the time of driving, and the time of the breath test) that there is a genuine issue concerning the validity of the breath test that requires the appearance of the witness (the technical supervisor) to resolve and that the technical supervisor would testify that based on the information to be offered by DPS at the hearing of this case, the breath test result in this case was incorrect, inaccurate, or wrong: that is, that the result was caused by something other than the Defendant's actual breath alcohol level being as reflected by the results. The undersigned counsel, based on the knowledge of the information provided by DPS and his own personal knowledge of absorption and elimination, states that there is a genuine issue concerning the validity of the breath test that requires the appearance of the witness to resolve in that the breath test result is inconsistent with the other documentary information and evidence that DPS intends to offer in this case and-or that will be testified to at the hearing by the arresting officer in this case and is other than that the Defendant's actual breath alcohol level is reflected by the results.

At the administrative hearing, appellant's counsel asked Officer Adams to assume that Phillips consumed two beers. Adams said he did not know if consuming one beer equates to a blood alcohol level of 0.02. Counsel then questioned Adams under the assumption that Phillips had consumed two beers and that consuming one beer equated to a blood alcohol level of 0.02:

> [Appellant's Counsel]: If two beers equals 0.04, then he could not have been a 0.08 or a 0.101, correct?
>
> [Officer Adams]: If two beers equals 0.04, then he could not have been a 0.08.

Counsel argued that Adams's testimony raised an issue of whether the breath test was valid. Essentially, Phillips asserted that the test results are not valid because they are inconsistent with the assertion that he only drank two beers prior to the accident and the assumption (which Officer Adams could not verify) that two beers produce a reading of 0.04.

■ No challenge to the maintenance or operation of the breath test instrument was presented to the administrative law judge. Appellant's request did not focus on the performance of the test itself, but on information external to the testing process. The administrative law judge could reasonably infer that the only challenge to the test result would be through retrograde extrapolation. In a suspension hearing, "scientific extrapolation evidence" "is not required to establish the breath test's reliability." *Mireles v. Tex. Dep't of Pub. Safety*, 9 S.W.3d 128, 132 (Tex.1999). Testimony in the suspension hearing from the supervisor concerning retrograde extrapolation under assumed circumstances would not establish that the test was inadmissible. *See generally id.*

On appeal however, Phillips contends that "while the machine performed within limits of .01 g/210L in analyzing the reference sample, ... the difference in results of the tests of Appellant's breath—0.015— were far greater than the standard set for analyzing reference samples set by the Department's scientific director." He contends that undigested alcohol in the stomach brought up by burping will result in an inflated reading. The Department responds that evidence of a burp may have "called into question the technical supervisor's conclusions," but the Department notes that Phillips points to no evidence of this. Furthermore, this argument was not made to the administrative law judge, nor did Phillips suggest to the administrative law judge that undigested alcohol could have remained in his stomach at the time of testing.

■ Phillips argues that the denial of the subpoena is a denial of due process. A driver's license is a privilege. *See Tex. Dep't of Pub. Safety v. Schaejbe*, 687 S.W.2d 727, 728 (Tex.1985); *Ex parte Tharp*, 912 S.W.2d 887, 890 (Tex.App.-Fort Worth 1995), *aff'd, Tharp v. State*, 935 S.W.2d 157 (Tex.Crim.App.1996). Due process is required before the license may be taken away. *See Tharp*, 912 S.W.2d at 890.

The Transportation Code provides that a driver must be given notice of the suspension of his license and the driver may request a hearing on the suspension. Tex. Transp. Code §§ 524.013, 524.031 (West 2007). The record reflects that appellant took full advantage of the procedural safeguards. He was given notice and a hearing, and he does not challenge the impartiality of the judge. *See Tex. State Bd. of Dental Exam'rs v. Silagi*, 766 S.W.2d 280, 284 (Tex.App.-El Paso 1989, writ denied).

■ A person's due process rights in an administrative proceeding include the right to cross-examine adverse witnesses.

*City of Corpus Christi v. Pub. Util. Comm'n of Tex.*, 51 S.W.3d 231, 262 (Tex. 2001) (citing *Richardson v. City of Pasadena*, 513 S.W.2d 1, 4 (Tex.1974)). Cross-examination provides an opportunity to test the reliability of testimony. *See Smith v. State*, 88 S.W.3d 652, 658 (Tex. App.-Tyler 2002, pet. ref'd). The Supreme Court has noted, however, that due process in administrative proceedings does not require the full procedural framework of a civil trial and "'is not so rigid as to require that the significant interests in informality, flexibility, and economy must always be sacrificed.'" *See City of Corpus Christi*, 51 S.W.3d at 262 (quoting *Gagnon v. Scarpelli*, 411 U.S. 778, 788, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973)).

■ The affidavit of the certified breath test technical supervisor attesting to the reliability of the instrument and the validity of the test result is admissible by statute in an administrative proceeding for the suspension of a driver's license. *See* Tex. Transp. Code Ann. §§ 524.038 (West 2007), 524.039; *Tex. Dep't of Pub. Safety v. Cortinas*, 996 S.W.2d 885, 891 (Tex.App.-Houston [14th Dist.] 1998, no pet.). The Legislature has statutorily recognized the reliability of breath tests when properly performed. *See Mireles*, 9 S.W.3d at 131–132; *Stevenson v. State*, 895 S.W.2d 694, 696 (Tex.Crim.App.1995). Essentially, the Legislature created a statutory exception to the hearsay rule applicable to the suspension hearing. *See Cortinas*, 996 S.W.2d at 891; *see also* Tex.R. Evid. 802 ("Hearsay is not admissible except as provided by statute or these rules or by other rules prescribed pursuant to statutory authority."). Generally the reason for an exception to the hearsay rule is a recognition of the type of statement as "generally reliable and trustworthy." *Fischer v. State*, 252 S.W.3d 375, 379 (Tex.Crim.App. 2008). That is, hearsay exceptions presuppose that the circumstances assure reliability of the type of statements and so compensate for the absence of cross-examination. *See Smith*, 88 S.W.3d at 658.

■ Phillips maintains, nevertheless, that due process is violated when the Department presents an affidavit by the technical supervisor whom Phillips is not allowed to question. We note that appellant did not make his constitutional argument to the administrative law judge, and certain constitutional errors may be waived if not timely asserted. *See Balkum v. Tex. Dep't of Pub. Safety*, 33 S.W.3d 263, 266–67 (Tex.App.-El Paso 2000, no pet.). Regardless, we are not persuaded that the due process argument has merit under the circumstances of this case. Phillips was provided the opportunity to identify an issue concerning the validity of the test that the technical supervisor could resolve. If he had raised a genuine issue concerning the operation or maintenance of the testing instrument or the performance of the test which the supervisor could address, and that required the appearance of the witness to resolve, he would have had the opportunity to question the witness. *See id.* The Department is not required to produce the breath test technical supervisor solely to provide expert opinion testimony in response to hypothetical questions concerning retrograde extrapolation. *See generally Mireles*, 9 S.W.3d at 130 ("Nothing in the statutory framework specifically mandates extrapolation evidence."); *compare Mata v. State*, 46 S.W.3d 902, 915 (Tex.Crim.App.2001) ("[W]e recognize that even those who believe retrograde extrapolation is a reliable technique have utilized it only if certain factors are known...."). The administrative law judge did not abuse his discretion in denying the request on the basis of the information presented.

Appellant's issue is overruled. The order is affirmed.

AFFIRMED.