Opinion issued August 29, 2013



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-12-00259-CV

_____

### ROBERT FRANKLIN HODGE, Appellant

### V.

### TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellee

**On Appeal from the County Civil Court at Law No. 1**
**Harris County, Texas**
**Trial Court Case No. 994675**

### MEMORANDUM OPINION ON REHEARING

Appellant Robert Franklin Hodge has filed a motion for rehearing of our December 20, 2012 opinion. Appellee the Texas Department of Public Safety has filed a response. We grant the motion, withdraw our opinion and judgment of December 20, 2012, and issue this opinion in its stead.

Hodge appeals the trial court's judgment upholding the suspension of his license. After Hodge was arrested for driving while intoxicated, the Department of Public Safety initiated an administrative license suspension proceeding against Hodge. The administrative law judge (ALJ) upheld the suspension of Hodge's license. On appeal to this court, Hodge contends that the ALJ erred by quashing Hodge's subpoena to the arresting officer and that the trial court erred in affirming the ALJ's decision. We affirm.

## Background

Hodge was arrested for suspicion of driving while intoxicated. Hodge's breath sample registered a blood alcohol concentration of 0.22, which is over the legal limit of 0.08. *See* TEX. PENAL CODE ANN. § 49.01(2)(B) (West 2011). Accordingly, the Department of Public Safety ("Department") administratively suspended Hodge's driver's license. *See* TEX. TRANSP. CODE ANN. § 524.012(b)(1) (West 2013). Hodge requested a hearing before an ALJ. *See id.* § 524.031 (West 2013). Hodge's attorney issued a subpoena to the arresting officer. The officer, however, had left the Houston Police Department and moved to Oregon, where he worked for a sheriff's department. The Department moved to quash the subpoena. The ALJ quashed the subpoena, adopting the 150-mile limit for issuing subpoenas found in Texas Rule of Civil Procedure 176.3. *See* TEX. R. CIV. P. 176.3. Evidence against Hodge included the results of the analysis of the

2

breath sample he provided showing a blood alcohol concentration of 0.22. The ALJ upheld the Department's suspension of Hodge's license. Hodge appealed and the county court at law remanded for the ALJ to "consider more evidence." On remand, the ALJ again upheld the suspension, and the trial court affirmed the ALJ's decision. Hodge appeals.

## The ALJ did not Err in Quashing the Subpoena

Hodge contends the ALJ erred by quashing his subpoena to the arresting officer on the basis of the "150-mile rule" in Texas Rule of Civil Procedure 176.3.

### A. Governing Law and Standard of Review

The Department may administratively suspend a person's driver's license if that person is arrested on suspicion of DWI and subsequent testing indicates the person had a blood alcohol concentration in excess of the legal limit. TEX. TRANSP. CODE ANN. § 524.012(b)(1). If the person timely requests a hearing, a hearing before an ALJ with the State Office of Administrative Hearings is held. *Id.* §§ 524.031, 524.033 (West 2013). The legislature has authorized the SOAH to promulgate rules governing these hearings. *See id.* § 524.002(a) (West 2013).

Chapter 159 of the Texas Administrative Code (TAC) governs hearings on administrative license suspensions. 1 TEX. ADMIN. CODE § 159.1(a) (West 2013) ("This chapter applies to contested hearings before SOAH concerning administrative suspension . . . of drivers' licenses under the Administrative License

3

Revocation (ALR) Program governed by Texas Transportation Code, Chapters 522, 524, and 724."). Section 159.7 of the TAC provides that the provisions of Chapter 155, which sets forth general rules governing the procedure for SOAH hearings, apply to an ALR hearing unless they conflict with a specific provision of Chapter 159. 1 TEX. ADMIN. CODE § 159.7 (West 2013); *see also* TEX. TRANSP. CODE ANN. § 524.002(b) ("Chapter 2001, Government Code [the Administrative Procedures Act (APA)], applies to a proceeding under this chapter to the extent consistent with this chapter."). Section 155.3 acknowledges that the APA and SOAH rules will not cover "all contested procedural issues" and therefore provides that an ALJ "will consider . . . the Texas Rules of Civil Procedure as interpreted and construed by Texas case law," among other authority, in resolving procedural questions. 1 TEX. ADMIN. CODE § 155.3(g) (West 2013).

Section 159.103 of the TAC sets forth the rules governing subpoenas at an ALR hearing. As pertinent to this appeal, an attorney may issue one subpoena for the officer "who was primarily responsible for the defendant's stop or initial detention" and one for "the peace officer who was primarily responsible for finding probable cause to arrest the defendant." 1 TEX. ADMIN. CODE § 159.103(b) (West 2013). Where, as here, the same officer was primarily responsible for both the stop and the arrest, the attorney may issue one subpoena. *Id.* Neither Chapter 159 nor 155 sets forth any geographic limitations for subpoenas. *Cf.* TEX R. CIV.

4

P. 176.3 (stating person may not be compelled to appear or produce documents in a county that is more than 150 miles from where the person resides or is served).

"[C]ourts review administrative license suspension decisions under the substantial evidence standard." *Tex. Dep't of Pub. Safety v. Alford*, 209 S.W.3d 101, 103 (Tex. 2006) (quoting *Mireles v. Tex. Dep't of Pub. Safety*, 9 S.W.3d 128, 131 (Tex. 1999)). Under a substantial evidence review, "a court may not substitute its judgment for the judgment of the state agency on the weight of the evidence on questions committed to agency discretion." TEX. GOV'T CODE ANN. § 2001.174 (West 2008). This case, however, does not involve a question of the weight of the evidence, but rather the ALJ's decision to quash a subpoena. A reviewing court "shall reverse or remand the case for further proceedings if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are . . . arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion." *Id.* § 2001.174(2)(F); *see also Hallum v. Hallum*, No. 01-09-00095-CV, 2010 WL 4910232, at *8 (Tex. App.—Houston [1st Dist.] Dec. 2, 2010, no pet.) (mem. op.) (citing *In re CSX Corp.*, 124 S.W.3d 149, 152 (Tex. 2003)) (stating trial court's determination of motion to quash subpoena is reviewed for abuse of discretion). An abuse of discretion occurs when the ALJ acts arbitrarily or unreasonably, without reference

5

to any guiding rules or principles. *See Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985).

**B.     Analysis**

**The Trial Court's Application of Rule 176.3 was Not an Abuse of Discretion**

Hodge argues that it was an abuse of discretion for the ALJ to apply Rule 176.3's 150-mile limitation, because the Texas Rules of Civil Procedure expressly state that they apply to justice, county, and district courts, but do not state that they apply to administrative hearings before the SOAH. *See* TEX R. CIV. P. 2. Hodge cites *Texas Department of Public Safety v. Cantu*, 944 S.W.2d 493 (Tex. App.— Houston [14th Dist.] 1997, no pet.), to support that proposition. *Cantu*, however, was decided before the current version of sections 159.7 and 155.3 were enacted. *See* 34 Tex. Reg. 329 (Jan. 16, 2009) (stating effective date of section 159.7 is January 20, 2009); 33 Tex. Reg. 9451 (Nov. 21, 2008) (stating effective date of section 155.3 is November 26, 2008). Section 159.7 states that, except in the case of a conflict, the general procedural rules of Chapter 155 for conducting administrative hearings apply. 1 TEX. ADMIN. CODE § 159.7. Section 155.3 states that an ALJ "will consider" the Texas Rules of Civil Procedure in determining questions of procedure not covered by SOAH rules in Chapter 155 or the APA. *Id.* § 155.3(g). Because the ALJ was expressly authorized to consider the Texas Rules of Civil Procedure, the ALJ did not act without reference to any guiding rules or

6

principles when he applied the 150-mile limit in Texas Rule of Civil Procedure 176.3. Accordingly, we hold that the ALJ's application of the 150-mile limit Texas Rule of Civil Procedure 176.3 was not an abuse of discretion. *See* TEX. GOV'T CODE ANN. § 2001.174(2)(F); *Downer*, 701 S.W.2d at 242–43 (finding trial court's choice of sanction did not amount to abuse of discretion, in part, because sanctions rule authorized sanction imposed by trial court).

**Hodge's Constitutional Rights were not Violated in this Civil Proceeding**

Hodge contends that adopting the "150-mile rule" violated his constitutional rights by depriving him of the ability to cross-examine Officer Hattan. The source of the right Hodge claims was violated is not clear from Hodge's brief.

To the extent that Hodge's argument rests on the confrontation clauses of the United States and Texas Constitutions, his argument fails. U.S. CONST. amend. VI; TEX. CONST. art. I, § 10. An administrative license suspension proceeding is a civil proceeding. TEX. TRANSP. CODE ANN. § 524.012(e)(1); *Tex. Dep't of Pub. Safety v. Walter*, 979 S.W.2d 22, 26 (Tex. App.—Houston [14th Dist.] 1998, no pet.). There is no constitutional right to confront witnesses in a civil proceeding. *See* U.S. CONST. amend. VI ("In all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him . . . ."); TEX. CONST. art. I, § 10 ("In all criminal prosecutions the accused . . . shall be confronted by the

7

witnesses against him . . . ."); *Walter*, 979 S.W.2d at 26 (holding no right to confrontation in ALR proceeding because it is civil, not criminal, proceeding).

Hodge's argument also fails to the extent it rests on the due process clauses of the United States and Texas Constitutions. U.S. CONST. amend. XIV; TEX. CONST. art. I, § 19. We agree with Hodge's contention on rehearing that the right to cross examine adverse witnesses applies in administrative hearings. *Rector v. Tex. Alcoholic Beverage Comm'n*, 599 S.W.2d 800, 800 (Tex. 1980); *see also Phillips v. Tex. Dep't of Pub. Safety*, 362 S.W.3d 252, 257 (Tex. App.—Beaumont 2012, no pet.) (stating right to cross-examine adverse witnesses applies in ALR proceeding). But Hodge essentially urges us to hold that this right is without limits. The right to cross-examine adverse witnesses in an administrative hearing is not unlimited. *See Ex Parte Taylor*, 957 S.W.2d 43, 44–47 (Tex. Crim. App. 1997) (holding no due process violation where hearing officer in parole revocation hearing limited right to cross-examine witness); *Phillips*, 362 S.W.3d at 258 (holding no due process violation in ALR hearing from ALJ's refusal to issue subpoena for breath test technician, where statute provided for admissibility of affidavit and issuance of subpoena only if defendant showed good cause to require attendance of technician). Even a criminal defendant's right to compel the attendance of witnesses is limited. *See Emenhiser v. State*, 196 S.W.3d 915, 921 (Tex. App.—Fort Worth 2006, pet. ref'd) (holding "the right to compulsory

8

process is not absolute"). We do not believe that due process requires that Hodge have an unlimited right to compel the attendance of witnesses for an ALR hearing when a criminal defendant does not. And Hodge has cited to no specific authority supporting his assertion that the application of a 150-mile geographical limit on subpoenas violates due process. Accordingly, we conclude that the application of the 150-mile limit does not deprive Hodge of due process. *See Ex Parte Taylor*, 957 S.W.2d at 44–47; *Phillips*, 362 S.W.3d at 258.

## Admissible Evidence Supports the ALJ's Decision

Finally, Hodge complains of the admission of evidence obtained from the arresting officer. Specifically, Hodge contends that, because the officer was served with a subpoena but failed to appear at the hearing, the ALJ was prohibited from considering information obtained from the officer, such as the results of Hodge's breath test. The TAC specifies that "[a]n officer's sworn report of relevant information shall be admissible as a public record." 1 TEX. ADMIN. CODE § 159.211(c)(2) (West 2013). However, "[i]f the defendant timely subpoenas an officer and the officer fails to appear without good cause, information obtained from that officer shall not be admissible." *Id.* Having determined that the ALJ did not err in quashing the subpoena, we conclude that the ALJ did not err in admitting the complained-of evidence. And, because the evidence was properly admitted,

the trial court correctly concluded that substantial evidence supported the ALJ's decision.

## Conclusion

We overrule Hodge's sole issue.  We affirm the trial court's judgment.

Rebeca Huddle
Justice

Panel consists of Chief Justice Radack and Justices Bland and Huddle.