JAMES W. SMITH V. STATE.

No. 30,635. April 22, 1959.
State's Motion for Rehearing Overruled June 3, 1959.

*Roemer and Rutland,* by Rix Rutland, San Antonio, for appellant.

*Charles J. Lieck, Jr.,* Criminal District Attorney, *Mayo J. Galindo,* Assistant Criminal District Attorney, San Antonio, and *Leon Douglas,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

Appellant was found guilty and assessed a $25 fine for

operating a motor vehicle upon a public highway while his operator's license was suspended.

The undisputed evidence shows that appellant had not surrendered his operator's license and was not aware that the Texas Department of Public Safety had ordered his license suspended until after the complaint upon which he was convicted had been filed.

The state's evidence was to the effect that appellant's operator's license was suspended by order of the Texas Department of Public Safety on February 25, 1958, under authority of an affirmative finding in the corporation court in San Antonio made the same day in a default judgment.

Art. 6687b, Sec. 22, V.A.C.S. provides "Notice by registered mail to the address shown on the license of licensee shall constitute service for the purpose of this Section."

A later statute, Art. 29c V.A.C.S., authorizes the use of certified mail in lieu of registered mail "provided receipt for such certified mail is validated by official post office postmark."

The state's witness, of the Texas Department of Public Safety, testified: "Our records indicate that service was *attempted* on Mr. Smith. A letter was mailed to him by certified mail to the last address that appeared on his license, which was returned by the post office department marked unclaimed."

There is nothing in this record to show what was enclosed in this letter of February 13, 1958, which was returned unclaimed February 21, 1958.

Assuming that there was enclosed in this undelivered letter a copy of charges in writing which Sec. 22 requires be given to the licensee not less than ten days before hearing, there was no "receipt for such certified mail validated by official post office postmark" as required by Art. 29c V.A.C.S.

Were we to hold that there was sufficient service of notice of the hearing before the magistrate, the record shows that appellant was not notified that the Texas Department of Public Safety had acted upon the authority of a finding of the corporation court judge and ordered his operator's license suspended.

Sec. 26 of Art. 6687b V.A.C.S. provides:

"The Department, upon suspending or revoking a license, shall require that such license shall be surrendered to and be retained by the Department except that at the end of the period of suspension of such license, the license so surrendered shall be returned to the licensee."

The evidence shows that a notice that his license was suspended was mailed to appellant at the address shown in his license on March 5, 1958, but was returned to Austin and appellant did not receive it. So far as this record reveals, this letter was not sent by registered mail or by certified mail.

Appellant has not been convicted of an offense for which his operator's license was automatically suspended. He stands convicted for driving an automobile on a public highway on July 10, 1958, at which time he had in his possession an operator's license which, so far as he knew, had not been suspended or its surrender required. Such conviction cannot be permitted to stand.

The judgment is reversed and the cause remanded.