Avon A. TURNER, Appellant,

v.

**TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellee.**

No. 10923.

Court of Civil Appeals of Texas.

Austin.

Jan. 31, 1962.

J. Kenneth Brewer, San Antonio, for appellant.

No brief filed by appellee.

ARCHER, Chief Justice.

This is an appeal from an order of the County Court holding that all questions were moot and that the Court did not have jurisdiction over the cause.

The appeal to the County Court was from an order claiming that appellant's license was suspended.

It appears that on August 27, 1957 an order of the Safety-Responsibility Division of the Department of Public Safety, suspended the license of appellant. Neither the original of this order nor a certified copy of such was introduced into evidence. Appellant testified that he did not receive a copy of the order and that the first he knew of such order was in January, 1960, and that he was not advised to comply with the provisions of Vernon's Ann.Civ.St., Article 6701h et seq. with reference to the making of a deposit of a sum of money with the Department or to show proof of his ability to satisfy any judgment that might be rendered against him as the result of Court action growing out of an accident which occurred on March 21, 1957 in Bexar County, Texas. The Department claims that a copy of the suspension order was mailed to appellant at 309 Porter Street, San Antonio, Texas.

On a trial on March 21, 1961, Clyde D. Bennett, Sr., a Texas Highway Patrolman, testified that he had a police demand order on appellant to pick up his driver's license, license plates and receipts on all cars owned by him and that appellant said that he would bring them to the office but never did. That this occurred on January 15, 1958. The witness testified that he did not have a copy of the accident report and had never seen one; that he did not have a copy of the suspension order and had no knowledge of it and did not give appellant a copy.

The appellant testified that he never was given any notice of any suspension by the Department of Public Safety and that he did not recall ever having talked to Bennett; that he had never seen a copy of the notice from the Department and first learned that there might be a suspension against him when he was arrested some time in January, 1958.

The appellant testified that he had not lived at 309 Porter Street since the latter part of 1940 and that his address was at 3914 Southwest Military Drive or 2102 West Commerce where he received his mail.

The Trial Court refused to find as a fact that a notice of the suspension order was ever given to appellant but did hold that the matter was moot and that the Court did not have jurisdiction. The Court further stated:

"As I see it, unless they have refused to issue him a license, I think, under the circumstances, he will have to comply with the law. He has a right that's given to him by statute, and that is if there is no suit brought and no judgment rendered after a period of one year from the date of the accident, that in compliance with the law the department will issue him a license."

The Court held that the plaintiff take nothing by his appeal and dismissed the cause for want of jurisdiction.

■ We do not believe that appellee, The Department of Public Safety, discharged its burden of proving by competent evidence that the suspension order dated August 6, 1957 was ever given the appellant Turner.

We have hereinabove set out in some detail the testimony given at the trial. So far as the record shows in this case no suit or claim has been made or reduced to judgment by anyone growing out of an alleged accident on March 21, 1957 and any amount of money required by the Department has been fixed.

The provisions of Article 6701h fix the procedure to be followed by the Department in the suspension of driver's license, and the record is silent as to what the Department actually did, except for the statements by witness Bennett and these were based on hearsay testimony.

Section 2(b) and Section 2(c) provide for an appeal and place the burden, in a trial de novo, on the Department. Section 7 provides for the renewal of a license.

In a retrial of this case the Court should be governed by the holding of our Court of Criminal Appeals in Smith v. State, 168 Tex.Cr.R. 185, 324 S.W.2d 207 and by the decision of the Court of Civil Appeals in Gonzalez v. Texas Department of Public Safety, 340 S.W.2d 860.

The judgment of the Trial Court is reversed and this cause is remanded for trial on its merits within the wording of the statute.