ELTON CARL PODANY V. STATE

No. 34,420.    March 14, 1962
State's Motion for Rehearing Overruled May 16, 1962
State's Second Motion for Rehearing Overruled June 20, 1962

*Charles William Tessmer,* Dallas, for appellant.

*Henry Wade,* Criminal District Attorney, *John Orvis, Phil Burleson,* Assistants District Attorney, Dallas and *Leon Douglas,* State's Attorney, Austin, for the state.

DICE, Judge.

Appellant was convicted under Art. 6687b, V.A.C.S. of operating a motor vehicle upon a public highway while his operator's license was suspended and assessed punishment at a fine of $250 and confinement in jail for 6 months.

The sufficiency of the evidence to sustain the conviction is challenged.

While the evidence shows that on the day appellant drove an automobile upon a public highway he possessed a Texas Commercial Operator's License which had been ordered suspended for six months by the Department of Public Safety for certain moving traffic violations there was no proof that he had received notice of the order of suspension.

Art. 6687b, Sec. 26, supra, provides "The Department, upon suspending or revoking a license, shall require that such license shall be surrendered to and be retained by the Department except that at the end of the period of suspension of such license, the license so surrendered shall be returned to the licensee."

Sec. 22 (c) of the same article provides that any licensee who is not willing and does not consent to abide by the final ruling or decision of the Department suspending his license may "within thirty (30) days after the date of receipt of notice of the sus-

pension of such license from the Department", bring suit in the County Court, or County Court at law of his residence, to vacate and set aside the final ruling and decision suspending the license and "if such licensee has not filed suit within thirty (30) days after the date of notice by registered mail of the suspension of such license, as provided herein, then the final ruling of the Department suspending such license shall become final."

The only evidence of notice to appellant of the suspension of his license was that a letter containing the order of suspension was addressed to him and sent to the address shown on his operator's license by certified mail but that the same was returned to the Department unclaimed.

With respect to notice under the statute, Sec. 22 of Art. 6687b, supra, provides: "Notice by registered mail to address shown on the license of licensee shall constitute service for the purpose of this Section."

Art. 29c, V.A.C.S. subsequently enacted, authorizes the use of certified mail in lieu of registered mail "provided receipt for such certified mail is validated by official postoffice postmark".

In the recent case of Smith v. State, 324 S.W. 2d 207, in reversing a conviction under Art. 6687b, supra, because notice of hearing and suspension had not been given to the accused it was pointed out that notice by certified mail under Art. 29c, supra, requires that "receipt for such certified mail is validated by official postoffice postmark."

The mailing of the letter addressed to appellant and sent by certified mail was insufficient as a notice to him of the suspension of his operator's license, in the absence of a receipt therefor validated by an official postoffice postmark.

The evidence is undisputed that appellant had not received notice of the order suspending his operator's license, and under such record the conviction cannot stand.

The judgment is reversed and the cause remanded.

Opinion approved by the Court.

### ON STATE'S MOTION FOR REHEARING

WOODLEY, Presiding Judge.

Our holding that the state did not sufficiently prove notice of suspension of appellant's commercial operator's license is questioned in the State's motion for rehearing argued and briefed by the District Attorney, and in Amicus Curiae Brief filed with leave of the Court by the Attorney General of Texas at the request of the Texas Department of Public Safety, because of the importance of the question involved in the administration of the Drivers License Law.

The argument is advanced that under the statute no notice of such suspension is required to make it effective; that if the Department orders such suspension it becomes effective immediately until such time expires or until the suspension is abated by the filing of an appeal, and if the licensee operates a motor vehicle on the highways of this state during the time the suspension is in effect the offense is complete, regardless of whether he had notice, either actual or constructive, of the suspension.

We are unable to agree with such contention.

As pointed out in our opinion an original submission, Sec. 22 (c) of Art. 6687b, V.A.C.S., authorizes the licensee who is not willing and does not consent to abide by the ruling or decision of the department suspending his license to file suit to vacate and set aside such decision. The 30 days allowed for the filing of such a suit *does not begin to run* until "the date of *receipt of notice* of the suspension of such license from the Department", and if the licensee has not filed suit within 30 days "after *the date of notice by registered mail* of the suspension of such license, as *provided herein,* then the final ruling of the Department suspending such license shall become final."

These references to notice are in addition to the requirement of Sec. 26 of the statute that the Department shall require that the license suspended be surrendered.

The further contention advanced by brief and oral argument is that *"receipt* for such certified mail", as used in Art. 29 (c) V.A.C.S., refers to a postoffice receipt showing mailing, not receipt showing that such mail had been delivered.

It is argued that the letter enclosing the order suspending appellant's license, sent to his address by certified mail with return receipt requested, though nót delivered, constituted service, the envelope bearing official postoffice postmark, and there being attached thereto "certification receipt".

The Legislature has not provided simply that certified mail may be substituted where service or notice by registered mail is authorized, as has the Supreme Court in Rule 21b, Rules of Civil Procedure.

Art. 29(c) V.A.C.S. provides for the use of certified mail *"with return receipt requested"* in lieu of registered mail; and provides that the mailing of any required notice by such certified mail shall have the same legal effect as if sent by registered mail, *provided* receipt for such certified mail is validated by official postoffice postmark.

We understand that the receipt referred to and required is the return receipt to be signed upon delivery of the certified mail. To hold otherwise would be to disregard the proviso.

The state's evidence showing that there was no notice by registered mail, and that the certified mail was not received but returned with the unsigned requested receipt attached thereto, and there being no evidence that appellant had notice otherwise that the Department of Public Safety had suspended his license, the conviction cannot stand.

The state's motion for rehearing is overruled.