Bobby Joe **CHAPMAN**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 36396.

Court of Criminal Appeals of Texas.

Jan. 8, 1964.

Rehearing Denied April 15, 1964.

Second Motion for Rehearing Denied May 13, 1964.

Ben Henderson, Dallas, Charles F. Herring, Austin (on rehearing only), for appellant.

Henry Wade, Dist. Atty., A. D. Jim Bowie, Mark Troy and John J. Orvis, Asst. Dist. Attys., Dallas, and Leon B. Douglas, State's Atty., Austin, for the State.

DICE, Commissioner.

Appellant was convicted under Art. 6687b, Vernon's Ann.Civ.St., of operating a motor vehicle upon a public highway while his operator's license was suspended, and assessed punishment at ninety days in jail and a fine of $300.00.

The state's evidence was undisputed that on May 10, 1962, the appellant operated a motor vehicle upon a public street and highway in the city of Dallas, Dallas County, Texas.

It was shown that prior to such date a summary judgment was rendered in County Court at Law No. 2 of Dallas County, on October 25, 1960, sustaining an order of the Texas Department of Public Safety, dated January 6, 1960, suspending appellant's operator's license under Sec. 22(b)(4) of Art. 6687b, supra, for a period of twelve months from November 17, 1959. The summary judgment provided that the order of suspension was approved and upheld for a period of twelve months from the date of the judgment.

Appellant duly excepted to the court's judgment and perfected an appeal to the Fifth Court of Civil Appeals sitting at Dallas, by execution of a proper cost bond.

After the appeal was perfected, the cause was transferred to the Court of Civil Appeals for the Sixth Supreme Judicial District sitting at Texarkana. On September 26, 1961, that court entered its order dismissing the appeal for want of prosecution and the court's mandate was issued on November 24, 1961. On February 5, 1962, a notice from the Texas Department of Public Safety, pursuant to said judgment, was addressed to appellant by certified mail, advising that his operator's license was suspended for a period of twelve months, effective February 8, 1962. Demand was also made that appellant surrender his license to the department.

Appellant did not testify or offer any evidence in his behalf.

Appellant's sole contention on appeal is that the evidence is insufficient to sustain the conviction.

He first contends that the summary judgment entered by the County Criminal Court No. 2, on October 25, 1960, suspending his operator's license for twelve months, was not superseded by his appeal to the Court of Civil Appeals upon the mere execution of a cost bond and that the suspension therefore expired on October 25, 1961, which was prior to the date of the alleged offense on May 10, 1962.

In support of his contention appellant relies upon Bostick v. Garrison, 302 S.W.2d 945, decided by the Galveston Court of Civil Appeals in 1957 in which it was held that where a motorist, who had appealed to the County Court under Sec. 31 of Art. 6687b, supra, from an order of the Department of Public Safety suspending his operator's license, in appealing from an adverse judgment of the County Court to the Court of Civil Appeals, filed only a cost bond and made no effort to supersede the judgment, it was not suspended or superseded pending the appeal. Appellant apparently overlooks the amendment of Art. 6687b, supra, by the Fifty-sixth Legislature, in 1959, when Sec. 22(c) was added, providing for an appeal by a licensee to the county court from a final decision of the Department of Public Safety suspending his operator's license after a hearing and affirmative finding authorizing the suspension. The amendment, among other things, provides:

"Pending final determination of the appeal, the license shall not be deemed suspended and any suspension order by the Department is itself suspended and is hereby set aside pending appeal except as may be hereinafter provided."

In Texas Department of Public Safety v. King, 366 S.W.2d 215, the Supreme Court of this State in considering the 1959 amendment of Art. 6687b, supra, noted:

"The suspension order of the Department, however, is not nullified by the appeal but is itself suspended and stayed pending the appeal."

We think a reasonable interpretation of the statute as presently amended is that the suspension order is stayed, pending the appeal in both the county court and Court of Civil Appeals. Under such interpretation the period of suspension in the instant case began to run on the date the judgment of the Court of Civil Appeals became final. Texas Department of Public Safety v. Perlman, Tex.Civ.App., 340 S.W.2d 522, ref. n. r. e. The judgment was final long before May 10, 1962, when appellant operated his automobile upon a public highway and on such date his operator's license was suspended.

Appellant further contends that his conviction cannot be sustained because it was not shown that he received the notice addressed to him by certified mail by the Department of Public Safety on February 5, 1962, that his license was suspended. He relies upon Smith v. State, 168 Tex.Cr.R. 185, 324 S.W.2d 207, and Podany v. State, 172 Tex.Cr.R. 451, 358 S.W.2d 118, in which this court reversed the convictions for driving while license was suspended where the proof did not show that the accuseds had received notices of the suspension. These two cases are not here applicable because in those cases no appeals from the orders of suspension were taken and the question was whether the accuseds received the notice of suspension mailed to them by the Department of Public Safety. In the case at bar, appellant prosecuted his appeal from the Department's order suspending his license to both the County Court and the Court of Civil Appeals and was charged with notice of the court's final judgment and decision on the appeal. The court's final judgment was notice to appellant that his license was suspended.

The judgment is affirmed.

Opinion approved by the court.

## ON APPELLANT'S MOTION FOR REHEARING

BELCHER, Commissioner.

We remain convinced that the period of suspension of the operator's license began to run on the date the judgment of the Court of Civil Appeals became final. Milam v. Texas Department of Public Safety, Tex.Civ.App., 359 S.W.2d 623, N.R. E.

The appellant's motion for rehearing is overruled.

Opinion approved by the Court.