Meliton LUGO, Jr., Relator,

v.

Honorable Hilda TAGLE, Judge, County Court at Law No. 3 of Nueces County, Texas, Respondent.

No. 13–89–462–CV.

Court of Appeals of Texas, Corpus Christi.

Jan. 18, 1990.

Douglas Tinker, Jon Muschenheim, Corpus Christi, for relator.

Carlos Valdez, Co. Atty., Corpus Christi, for respondent.

Before SEERDEN, UTTER and KENNEDY, JJ.

## OPINION

SEERDEN, Justice.

Meliton Lugo appeals from a second judgment entered against him in a driving while intoxicated prosecution. Alternatively, he seeks a writ of mandamus from this court to set aside this second judgment. Finding that mandamus is the proper remedy, we will conditionally grant relief.

On August 18, 1986, relator was convicted of DWI. Punishment was assessed at 90 days in jail and a fine of $750. The trial court's judgment also contained a provision ordering that Lugo's driver's license be suspended for twelve months. *See* Tex. Rev.Civ.Stat.Ann. art. 6687b, § 24(a)(2) (Vernon Supp.1990). Lugo appealed, and we affirmed his conviction and issued a mandate of affirmance on July 29, 1987. The mandate was filed in the trial court on July 31, 1987.

More than two years later, on September 27, 1989, the trial court issued a second judgment and ordered that Lugo's driving privileges be suspended for twelve months beginning that day. Lugo gave notice of appeal from this judgment and alternatively sought mandamus relief to set aside this second judgment. Through his brief filed in this Court, Lugo raised several objections to the trial court's order, but during

oral submission of this case, Lugo waived all his complaints except those relating to his driving privileges. We, therefore, address only the question of whether the trial court could order a twelve-month suspension starting on September 27, 1989.

■ The driver's license of a person convicted of driving while intoxicated is suspended automatically. *Texas Department of Public Safety v. Preble*, 398 S.W.2d 785, 787 (Tex.Civ.App.—Houston 1966, no writ); art. 6687b § 24. When a person appeals a DWI conviction, the period of suspension begins when the appellate court's mandate is received by the trial court. *Allen v. Texas Department of Public Safety*, 411 S.W.2d 644, 646 (Tex.Civ. App.—Texarkana 1966, no writ); *Barham v. Texas Department of Public Safety*, 398 S.W.2d 168, 169 (Tex.Civ.App.—Eastland 1966, no writ).

■ Where a statute provides for suspension of a driver's license upon conviction of a certain offense, as in the present case, the statute is self-operative, and the license is automatically suspended upon a final conviction. The suspension is not within the discretion of a court or jury. Nor is it conditioned upon a surrender of the operator's license. *Standifer v. Texas Department of Public Safety*, 463 S.W.2d 38, 40 (Tex.Civ.App.—Houston [14th Dist.] 1971, no writ). Applying these rules, we find that Lugo's driving privileges were suspended for a twelve month period beginning July 31, 1987.

■ The State, acknowledging that the suspension is automatic, argues that the "trial judge" did not effectively suspend Lugo's license, and therefore no error was committed by the trial court. The State then contends that Lugo's attack on the order is premature because such attack should be brought against the Department of Public Safety. Presumably the State believes Lugo should have no remedy to vacate the trial court's order until the Department somehow acts on the trial court's invalid order. We disagree.

The error in this case lies not in what the Department of Public Safety might do in the future but what the trial court did. The trial court entered a second judgment in this case, after our mandate of affirmance, specifically ordering the period of suspension to begin on a certain date. When a conviction is affirmed and the mandate of the appellate court issues, the trial court's general jurisdiction is not restored. *Yarbrough v. State*, 703 S.W.2d 645, 649 (Tex.Crim.App.1985). After the mandate issues, the trial court acquires only special jurisdiction to enforce the mandate. *Yarbrough*, 703 S.W.2d at 648. Where the trial court exceeds this limited jurisdiction, mandamus will issue. *See State ex rel. Vance v. Hatten*, 508 S.W.2d 625, 628 (Tex. Crim.App.1974).

The trial court had no authority to issue the order it did. If a district judge enters an order for which he has no authority, mandamus will issue. *State ex rel. Cobb v. Godfrey*, 739 S.W.2d 47, 48 (Tex.Crim.App. 1987); *State ex rel. Holmes v. Denson*, 671 S.W.2d 896, 899 (Tex.Crim.App.1984). Mandamus is the proper remedy to vacate the order.

Under the facts of this case, the trial court has only the ministerial authority to vacate its order. *See Godfrey*, 739 S.W.2d at 48–50. We conditionally grant the relief requested by relator. If the trial court does not withdraw its order establishing a date for the commencement of the suspension period, writ will issue.