**TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellant,**

v.

**Adam Mauricio DUARTE, Appellee.**

**No. 13–90–387–CV.**

Court of Appeals of Texas, Corpus Christi.

May 2, 1991.

---

Mike McNamara, South Padre Island, for appellee.

Richard L. Bilbie, Ferrero & Wepfer, Harlingen, Dan Morales, Atty. Gen., Mary F. Keller, Lou McCreary, Executive Asst. Attys. Gen., James C. Todd, Chief, Gen. Litigation Div., Janet I. Monteros, Asst. Atty. Gen., Austin, for appellant.

Before DORSEY, SEERDEN and HINOJOSA, JJ.

## OPINION

DORSEY, Justice.

The Texas Department of Public Safety ("DPS"), in an administrative action, suspended Adam Mauricio Duarte's driver's license for one year as authorized by TEX. CODE CRIM.PROC.ANN. art. 42.12, § 13(k) (Vernon Supp.1991), upon his second conviction for the offense of driving while intoxicated ("DWI") and a second order to attend a subsequent education program. Duarte appealed to the County Court at Law No. 1, arguing that because his underlying DWI sentence had been probated, his driver's license should not have been suspended. The trial court entered a written order staying the suspension of Duarte's driver's license until the court's final hearing on the issue. Subsequently, the court affirmed the DPS order of suspension as statutorily legal but probated the sentence. By one point of error, the DPS challenges the court's action in probating the sentence. We modify the trial court's judgment and, as modified, affirm.

Specifically, in its point of error, the DPS contends that the judgment of the court is in error because it exceeded its jurisdictional authority by probating a mandatory sus-

pension without specific statutory authority. The trial court affirmed the suspension of Duarte's driver's license as legally correct and then recited that, "The Court, under its equitable powers of relief, prayed by Plaintiff, probates the suspension of Plaintiff's driver's license." The DPS filed a motion for new trial, in which it argued that the evidence showed that Duarte had a second conviction for DWI and was required to attend a second subsequent education program, bringing him under § 13(k). The DPS further argued that, pursuant to § 13(k), Duarte's driver's license should automatically be suspended for 365 days. The trial court denied the DPS's motion for new trial.

The statute applied by the DPS in its order of suspension, TEX.CODE CRIM.PROC. art. 42.12, § 13(k), provides that when a person who has previously been convicted of DWI has been permitted or required to attend an educational program as a condition of his probation and if, as part of the punishment for a subsequent conviction for DWI, the court permits or requires the person to attend another educational program, "the court nonetheless shall automatically suspend the driver's license of that person." The period of suspension is to be determined by the court from guidelines in the statute. TEX.CODE CRIM.PROC. art. 42.12, § 13(k)(1), (2).

 The right to an appeal in a license suspension proceeding does not exist in the absence of statutory authority since the entitlement to a driver's license is not a right but a privilege. *Texas Dept. of Public Safety v. Schaejbe*, 687 S.W.2d 727, 728 (Tex.1985). The parameters of such an appeal are set and controlled by the statute granting the right to appeal. *Id.* Furthermore, when a statute provides for suspension of a driver's license upon conviction of a certain offense, as in the present case, the statute is self-operative, and the license is automatically suspended upon a final conviction. *Lugo v. Tagle*, 783 S.W.2d 815, 816 (Tex.App.—Corpus Christi 1990, orig. proceeding). The suspension is not within the discretion of a court or a jury. *Id.* Upon appeal of a driver's license suspen-

sion to a county court, the court has no discretion to limit or modify the suspension when the suspension provided for under the statute is automatic and the language used is directory. *See Texas Dept. of Public Safety v. Carraway*, 775 S.W.2d 672, 674 (Tex.App.—Amarillo 1989, no writ).

 In this case, the appeal to the county court at law was limited to the factual determinations of whether Duarte had two convictions for DWI and whether the sentences accompanying those convictions included court-ordered attendance at educational programs. Under § 13(k), the suspension of Duarte's driver's license for 365 days was automatic and mandatory; the trial court had no discretion to probate the suspension. We sustain the DPS's point of error.

We modify the trial court's judgment to eliminate the probation of Duarte's driver's license and, as modified, affirm the trial court's judgment.