Affirmed and Opinion filed December 12, 2002









Affirmed
and Opinion filed December 12, 2002.

 




 
 
 
  
 
 
 




In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-02-00110-CR

____________

 

DOUGLAS SUPERNAW, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the County Criminal Court at
Law No. 13

Harris County, Texas

Trial Court Cause No. 1084065

 



 

M E M O R A N D U M   O
P I N I O N

Appellant, Douglas Supernaw, appeals from his conviction for
driving while intoxicated.  See Tex. Pen. Code Ann. ' 49.04 (Vernon Supp. 2002).  A jury found him guilty and assessed
punishment at five day=s incarceration and a fine of $2,000.  Pursuant to section 521.341(3) of the Texas
Transportation Code, when a person is convicted of DWI, his or her driver=s license is automatically
suspended.  Tex. Transp. Code Ann. ' 521.341(3) (Vernon 1994).  Appellant=s sole contention on appeal is that
the trial court erred in failing to indicate the date upon which the suspension
period was to begin.  He requests that
the case be remanded for the trial court to enter a date.  We affirm.








Under the Transportation Code, the automatic suspension of a
driver=s license for a DWI conviction “begins
on a date set by the court that is not earlier than the date of the conviction
or later than the 30th day after the date of the conviction, as determined by
the court . . . .”  Tex. Transp. Code Ann. ' 521.344(a)(1) (Vernon Supp.
2003).  The automatic suspension comes
into effect only upon a final conviction. 
Id. ' 521.341; Lugo v. Tagle, 783 S.W.2d 815, 816 (Tex.
App.CCorpus Christi 1990, no pet.).  Cf. Jones v. State, 77 S.W.3d 819, 821B23 (Tex. Crim. App. 2002) (discussing
automatic suspension of a person=s driver=s license on final conviction of drug
offense).  Therefore, the trial court
cannot properly set a date for the suspension to begin until the conviction
becomes final.

In Jones, the court of criminal appeals held that when
there is no evidence that a notice of appeal has been filed, a conviction is
considered final on the date of sentencing. 
77 S.W.3d at 820.  However, when
an appeal is taken, the conviction does not become final until it is affirmed
by the appellate court and mandate from that court has issued.  Id. at 822.  Very specifically, the Jones court
noted that, when a defendant appeals a DWI conviction, the period of automatic
license suspension does not begin until the mandate is received by the trial
court.  Id. at 822 n.11 (citing Lugo,
783 S.W.2d at 816); see also Allen v. Texas Dep=t of Pub. Safety, 411 S.W.2d 644, 648 (Tex. App.CTexarkana 1966, no writ) (holding “final
conviction,” as used in the statutes referring to time license suspension
commenced, means a judgment of conviction for DWI upon which all appeals have
been exhausted and mandate has been received by the trial court).

In the present case, the appellant filed his notice of appeal
immediately after sentencing. 
Consequently, the trial court could not have entered a date for the
automatic suspension to begin until all appeals were exhausted and mandate
issued.  In other words, the trial court
could not enter the date until this court affirmed the judgment and issued a
mandate to that effect.  Accordingly, the
trial court did not err in refusing to enter a date for the suspension to
begin.








The judgment of the trial court is affirmed.

 

 

/s/        John S. Anderson

Justice

 

 

 

 

Judgment rendered
and Opinion filed December 12, 2002.

Panel consists of
Justices Anderson, Edelman, and Seymore.

Do Not Publish C Tex.
R. App. P. 47.3(b).