

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-13-00110-CR

MICHAEL EARITT WHITE, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the County Court at Law
Lamar County, Texas
Trial Court No. 60286

Before Morriss, C.J., Moseley and Burgess, JJ.
Opinion by Justice Moseley

O P I N I O N

Michael Earitt White was convicted by a jury of driving while license invalid with a previous conviction for driving while license invalid,[1] and he was sentenced to ninety days in jail with a $1,000.00 fine. On appeal, White complains that there was insufficient evidence for the jury to have convicted him since there is no evidence that a valid suspension period was in effect at the time he was operating his vehicle. We find that there is insufficient evidence that any suspension of his driver's license was in effect at the time White was operating his vehicle. Therefore, we reverse the judgment of the trial court and render a judgment of acquittal.

I.      Background

On the night of November 6, 2012, Trooper Tim Keele pulled White over for driving fifty-three miles per hour in a forty-mile-per-hour zone. After obtaining White's driver's license and proof of insurance, Keele returned to his vehicle to check the status of White's driver's license on his in-car computer[2] and found that White's driver's license was under suspension. At trial, the State introduced White's vehicle and license return, which Keele testified contained the same information he had obtained that night.

The license return indicated that there were three active suspensions of White's driver's license. The first indicated suspension was due to a default in the payment of an installment agreement for the payment of charges rising from White's conviction for driving on February 16,

---

[1]Although the judgment recites that White was charged with "DRIVING W/LIC INV W/PREV CONV/SUSP/W/O FIN RES," both the information and the jury charge state that the charge was driving while license invalid with a previous conviction for driving while license invalid.

[2]Judging from the testimony at trial and the use of the term in the briefs submitted, a computer report received in response to a computer inquiry regarding the status of a driver's license is apparently commonly called a "license return." We use this phrase in this opinion.

2

2012, without a valid license. According to the license return, this initial suspension (the Default Suspension) began November 5, 2012, and ended December 31, 9999.[3] The second suspension of White's driver's license (the SR Suspension) was shown on the license return to have been for an "SR SUSPENSION," with a begin date of October 29, 2012, and an end date of December 31, 9999.[4] The third license suspension indicated a conviction on October 29, 2012, for driving while license invalid; this suspension was for a period beginning October 29, 2012, and ending March 3, 2013. Upon receipt of the license return, Keele placed White under arrest for driving while his license was invalid.

Keele testified that the conviction for driving while license invalid was related to a judgment of conviction dated August 28, 2012.[5] The State introduced a copy of the judgment, which showed that White was convicted August 28, 2012, of driving while license invalid in cause number 5112-1243 in a justice court of Lamar County, Texas (the August 28 conviction). Keele testified that based on his training, he believed that as soon as there is a conviction for such a citation, the driver's license of the defendant is suspended. He further testified that the information regarding the conviction is transmitted to the Texas Department of Public Safety (TDPS) in Austin, which then sends a letter to the license holder stating that because of the conviction, the driver's license of the convicted person will be suspended for the period of time stated in the letter. After Keele's testimony, the State rested without introducing the orders of

[3]Keele explained that a report showing an ending date of December 31, 9999, for a suspension meant that the suspension was for "infinity" or perpetual.

[4]Keele testified that "SR" means "state responsibility for a no-insurance citation."

[5]Although the license return indicated a conviction date of October 29, 2012, Keele's testimony and the judgment introduced by the State show that the conviction was August 28, 2012.

3

suspension related to the suspensions indicated on the license return and without introducing any evidence that the TDPS had mailed any notices of suspension to White related to the suspensions indicated on the license return.

After the trial court denied White's motion for directed verdict, which was premised on his position that the State had provided no evidence showing that the TDPS had given White notice of the alleged suspensions, White introduced a document titled "Order of Suspension" related to the August 28, 2012, conviction. The document, dated November 8, 2012, is on TDPS letterhead and is addressed to White, informing him that his driver's license had been "suspended from 10/29/2012 through 03/03/2013" based upon the August 28 conviction. White testified that he received the notice about November 11 (five days after he was stopped by Keele) and that he knew of no other suspensions.

## II. Sufficiency of Evidence

In his sole point of error, White contends that the evidence is legally insufficient to support the guilty verdict. Specifically, White contends that there was insufficient evidence for the jury to have convicted him because the State presented no evidence that a valid suspension of his driver's license was in effect at the time he was operating his vehicle.

In reviewing the legal sufficiency of the evidence, we consider all the evidence in the light most favorable to the trier of fact's verdict to determine whether any rational jury could have found the essential elements of the offense beyond a reasonable doubt. *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)); *Hartsfield v. State*, 305 S.W.3d 859, 863 (Tex. App.—Texarkana 2010, pet. ref'd) (citing

4

*Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007)). We examine legal sufficiency in light of the *Brooks* opinion, while giving deference to the responsibility of the trier of fact "to fairly resolve conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007) (citing *Jackson*, 443 U.S. at 318–19).

Legal sufficiency of the evidence is measured by the elements of the offense as defined by a "hypothetically correct jury charge." *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). The hypothetically correct jury charge "sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." *Id*.

Here, White was convicted of driving while his license was invalid. A person commits the offense of driving while license invalid if he (1) operates a motor vehicle, (2) on a highway, (3) during a period that the person's driver's license or privilege is suspended or revoked. *See* TEX. TRANSP. CODE ANN. § 521.457(a)(2) (West 2013). To convict White, the State had the burden to prove beyond a reasonable doubt that White (1) operated a motor vehicle, (2) on a highway, (3) during a period that his driver's license or privilege was suspended or revoked. On appeal, White challenges only the sufficiency of the evidence to support that his act of operating a motor vehicle occurred during a period that his driver's license had been suspended or revoked.

White argues that since the TDPS is required to send him notice of suspension of his driver's license by first-class mail and the suspension does not take effect until the fortieth day

5

after he is considered to have received notice of the suspension, the State (because the date of the mailing of the notice controls the effective commencement date of the suspension) must provide evidence of when the notice was mailed to White.[6] *See* TEX. TRANSP. CODE ANN. § 521.295 (West Supp. 2014), § 521.297(a) (West 2013). We agree that the State had the burden of showing the date the notice was mailed to White.

Under the Transportation Code provisions applicable to this case, the TDPS has the authority to suspend a person's driver's license when it determines that the driver has operated a motor vehicle on a highway during a period when his license had been suspended or revoked. TEX. TRANSP. CODE ANN. § 521.292(a)(1) (West 2013). Under the Transportation Code, the TDPS is required to send the holder of the license a notice of the suspension of that license by first-class mail to the license holder's address as that address is reflected in its records. TEX. TRANSP. CODE ANN. § 521.295(a). Notice is considered received by the licensee on the fifth day after the date the notice is mailed, and the license suspension period does not commence until the fortieth day after the licensee is considered to have received the notice of suspension under Section 521.292(b). TEX. TRANSP. CODE ANN. §§ 521.292(b), 521.297(a) (West 2013).

The Texas Court of Criminal Appeals has previously considered whether the State must show that it mailed a notice of suspension as provided by the Transportation Code in order to

---

[6]Initially, the State argues that White has waived this error, contending he inadequately briefed it. *See* TEX. R. APP. P. 38.1(i). However, White's argument is based on statutory requirements, and he cites appropriate statutory authority. Although he could have also cited appropriate caselaw, we find he has adequately briefed his point of error. The State also argues, without citation to authority, that he waived this error because his argument on appeal does not comport with the argument made in the trial court. A point of error raised on appeal must correspond with the objection made at trial in order to be preserved for review. *Wright v. State*, 154 S.W.3d 235, 241 (Tex. App.— Texarkana 2005, pet. ref'd) (citing *Dixon v. State*, 2 S.W.3d 263, 273 (Tex. Crim. App. 1998) (op. on reh'g)). Below, White based his motion for directed verdict, in part, on the State's failure to show that a notice of suspension had been given to White. This comports with the point of error he has raised in this Court.

sustain a conviction of a person for driving while his license was suspended. *See Podany v. State*, 358 S.W.2d 118 (Tex. Crim. App. 1962); *Smith v. State*, 324 S.W.2d 207 (Tex. Crim. App. 1959). In *Smith*, the appellant appealed his conviction for driving while his license was suspended. The evidence showed that the TDPS had previously suspended his license and mailed a notice to him by certified mail, but that it had been returned undelivered. However, there was no evidence that the receipt for the certified mail was validated by an official post office postmark. At the time the *Smith* case was heard, the TDPS was required by statute to send out such notices by either registered or certified mail. *Smith*, 324 S.W.2d at 208. Since Smith had not been convicted of an offense for which his license was automatically suspended, the court reversed his conviction. *Id.*

In *Podany*, under similar facts, the court noted that the statute in effect at the time provided that a licensee could appeal a suspension within thirty days of receipt of the notice of suspension by filing suit in county court, but that if the licensee had not filed suit within thirty days after receipt of notice, the ruling suspending the license became final. *Podany*, 358 S.W.2d at 119. As in *Smith*, the court held that in the absence of the official postmark on the receipt, the evidence was insufficient to show notice was given to appellant, and the judgment was reversed. *Id.* On rehearing, the court rejected the State's argument that the suspension became effective immediately, that no notice was required, and that the suspension was only abated upon the filing of an appeal. *Id.*

The gist of these cases is that in order to show that a suspension period was in effect at the time of the alleged violation, the State must proffer competent evidence that it provided

7

notice of the suspension to the licensee as required by statute. Although the current statute's requirements in regard to the manner of giving notice have changed, the statute still requires that notice be mailed by first-class mail to the licensee's address as shown in the TDPS's records. If notice is prepared and mailed as set out by statute, the notice is considered to be received by the licensee on the fifth day after mailing; the license suspension then takes effect forty days after that presumed date of notice, i.e., forty-five days after the notice is mailed. TEX. TRANSP. CODE ANN. §§ 521.295(b), 521.297(a). If competent evidence of when the notice of suspension was mailed is introduced, then the calculation of the date that the suspension became effective can easily be determined. On the other hand, when no evidence is presented showing that such a notice of suspension was prepared and mailed on a certain date, then the date on which the suspension became effective cannot be determined; therefore, absent the evidence of the date the mailing took place, the State fails to show that the alleged violation occurred during a period that the person's driver's license or privilege had been suspended or revoked.

At the trial below, the only evidence that the State proffered to show that White's driver's license had been suspended was the testimony of Keele and the license return printed out from Keele's in-car computer. Of the three allegedly active suspensions shown on the license return, the State only provided additional proof concerning the August 28 conviction involving driving while license invalid. Assuming (without deciding) that this was sufficient evidence to show that an order of suspension had been issued by the TDPS, the State nevertheless proffered no evidence in its case-in-chief that any notice of suspension had been mailed to White. Without any evidence that a notice of suspension was mailed or the date that any such notice was mailed,

8

there was insufficient evidence presented by the State to support a finding that an valid suspension period was in effect at the time White was operating his vehicle.[7] *See* TEX. TRANSP. CODE ANN. §§ 521.295(b), 521.297(a); *Podany*, 358 S.W.2d at 119; *Smith*, 324 S.W. 2d at 208. Further, the only evidence showing a notice of suspension was mailed to White regarding the August 28 conviction shows that it was dated November 8, 2012, two days after White was arrested and charged in this case. Although that notice indicates that the suspension period began on October 29, 2012, the applicable statutes provide that the suspension period only became effective forty-five days after November 8, 2012, the date of mailing. Therefore, we find that there is insufficient evidence to support the finding that a valid suspension period related to the August 28 conviction was in effect on November 6, 2012, the date of the offense as charged.

Nevertheless, the State argues that the SR Suspension shown on Keele's license return made reference to an automatic license suspension that required no prior notice to be given to White. The State contends that when a person is convicted of certain offenses, the suspension is automatic, citing *Ex parte Drake*, 212 S.W.3d 822 (Tex. App.—Austin 2006, pet. ref'd); *Sparkman v. State*, 997 S.W.2d 660 (Tex. App.—Texarkana 1999, no pet.); and *Lugo v. Tagle*, 783 S.W.2d 815 (Tex. App.—Corpus Christi 1990, orig. proceeding). However, none of these cases excuse the State from establishing by competent evidence that an automatic suspension is

---

[7]The State argues that it was incumbent on White to show that his suspension had not lawfully begun. However, the Transportation Code, *Podany*, and *Smith* place the burden on the State to show that White was operating a vehicle on a highway *during a period that his driver's license or privilege was suspended or revoked. See* TEX. TRANSP. CODE ANN. § 521.457(a)(2); *Podany*, 358 S.W.2d at 119; *Smith*, 324 S.W.2d at 208.

9

in effect.[8] *Drake* involved an automatic suspension for failure to pay a surcharge assessed by the TDPS upon the appellant's conviction for failing to maintain financial responsibility. *Drake*, 212 S.W.3d at 823–24. It was uncontested that Drake had been convicted for failing to maintain financial responsibility, that the TDPS had notified Drake that the surcharge was due, that her driver's license would be suspended if she did not timely pay it, that she failed to pay the surcharge, and that her driver's license was automatically suspended. *Id.* at 824. Thus, there was no issue challenging the sufficiency of the State's evidence. *Sparkman* was an appeal of a conviction for driving with a suspended license. *Sparkman*, 997 S.W.2d at 663. The State alleged that Sparkman's driver's license had previously been suspended by the TDPS automatically as a result of his conviction for driving without proof of financial responsibility. *Id.* at 667–68. This Court noted that the charged offense required the State to prove that Sparkman's license was suspended. *Id.* at 669. We also pointed out in *Sparkman* that the automatic driver's license suspension provisions provided for in the Transportation Code only take effect when a driver is "convicted of driving without proof of financial responsibility and a prior conviction for the same offense has been reported to the [TDPS]." *Id.* at 668 (citing TEX. TRANSP. CODE ANN. § 601.231 (West 2011))[9]. Therefore, to show that there had been an

---

[8]*Lugo* concerned a writ of mandamus challenging the trial court's order suspending Lugo's driver's license resulting from his conviction for driving while intoxicated and is inapposite to any issue in this case. *Lugo*, 783 S.W.2d at 815.

[9]Section 601.231 provides, in relevant part:

> (a)     If a person is convicted of an offense under Section 601.191 and a prior conviction of that person under that section has been reported to the department by a magistrate or the judge or clerk of a court, the department shall suspend the driver's license and vehicle registrations of the person unless the person files and maintains evidence of financial responsibility with the department until the second anniversary of the date of the subsequent conviction.

automatic driver's license suspension, it was essential for the State to prove that there had been two prior convictions for driving without proof of financial responsibility. *Id.* at 669. In *Sparkman*, the State showed that Sparkman's license had been suspended by introducing evidence of Sparkman's two prior convictions and that the TDPS had automatically suspended the license after the second conviction. *Id.*

By contrast, the State in this case only offered the license return printed from Keele's computer and Keele's testimony regarding the no-notice nature of an SR Suspension. In its case-in-chief, the State introduced neither any competent evidence of any convictions of White for driving without proof of financial responsibility nor evidence that the TDPS had automatically suspended his license as of November 6, 2012. In its rebuttal case, the State introduced, for impeachment purposes, a judgment dated February 26, 2013, (over two months after this incident) that convicted White of "PROOF OF FINANCIAL RESPONSIBILITY—SECOND OFFENSE." Thus, the State in this case, unlike *Sparkman*, failed to prove that White's driver's license had been automatically suspended by the TDPS as of November 6, 2012. Therefore, we find that there is insufficient evidence to support the jury's finding that a valid suspension period related to the SR Suspension was in effect on November 6, 2012.[10]

---

TEX. TRANSP. CODE ANN. § 601.231(a). We also note that although not an issue in *Sparkman*, an automatic suspension does not mean that it becomes effective immediately. *See Turner v. Tex. Dep't of Public Safety*, 353 S.W.2d 891 (Tex. Civ. App.—Austin 1962, no writ). The Transportation Code requires that notice of a suspension under Section 601.231 be mailed in a timely manner to the person whose license is suspended. TEX. TRANSP. CODE ANN. § 601.232(a) (West 2011).

[10]On appeal, the State does not contend that there was a valid suspension period in effect for the Default Suspension shown on the license return. We note that as with the SR Suspension, the State offered no evidence showing the underlying basis for this alleged suspension or that TDPS had suspended White's license on this basis.

11

We reverse the judgment of the trial court and render a judgment of acquittal in favor of White.

Bailey C. Moseley
Justice

Date Submitted:     January 29, 2015
Date Decided:       February 18, 2015

Publish