

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-16-00100-CR

RAYMOND BERNARD MONDY, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the County Court at Law No. 2
Hunt County, Texas
Trial Court No. 1500880

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Justice Moseley

Raymond Bernard Mondy was convicted of driving with an invalid license and was sentenced to 180 days' incarceration and fined $500.00. On appeal, Mondy claims that the evidence was legally insufficient to support the jury's verdict and that his due process rights were violated. Because we find that the evidence was legally insufficient to support Mondy's conviction, we reverse the judgment of the trial court and render a judgment of acquittal.

## I.      Background

During the course of a traffic stop on August 10, 2015 for a defective brake light on the car driven by Mondy, Officer Larry Henderson of the Greenville Police Department discovered that Mondy's driver's license had been suspended. Because Henderson determined that Mondy had a prior conviction for driving with a suspended license, Mondy was arrested. At his trial for driving with a suspended license, Mondy testified that although his Texas driver's license had previously been suspended, he did not know his license was suspended at the time of the 2015 traffic stop.[1]

The State's evidence at trial included two surcharge default notices dated May 5, 2015 from the Texas Department of Public Safety notifying Mondy that his Texas driver's license had been suspended. Both notices included a payment stub at the bottom which contained Mondy's name and listed his address as "211 A S Washington St Farmersville TX 75442-2229." Mondy testified that he had two suspensions on his license and that he was paying the reinstatement fees on both suspensions simultaneously. Copies of money orders Mondy mailed to the Texas

---

[1]The judgment memorializing Mondy's previous conviction for driving with an invalid license dated December 4, 2012 was introduced into evidence without objection.

Department of Public Safety Surcharge Processing Department listed Mondy's address as "211 A, S. Washington St. Farmersville, TX 75422."[2] Mondy's driver's license also listed his Washington Street address. Mondy resided at this address at the time of trial and testified that he had lived at the same address for over fifty years.

## II.      Sufficiency of the Evidence

Mondy contends that the evidence is legally insufficient to support the guilty verdict because he asserted an affirmative defense of lack of actual notice and there is no evidence that he had actual knowledge that his license was suspended on the day of his arrest. In evaluating legal sufficiency, we review all the evidence in the light most favorable to the trial court's judgment to determine whether any rational jury could have found the essential elements of the offense beyond a reasonable doubt. *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010) (plurality op.) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)); *Hartsfield v. State*, 305 S.W.3d 859, 863 (Tex. App.—Texarkana 2010, pet. ref'd). Our rigorous legal sufficiency review focuses on the quality of the evidence presented. *Brooks*, 323 S.W.3d at 917–18 (Cochran, J., concurring). We examine legal sufficiency under the direction of the *Brooks* opinion, while giving deference to the responsibility of the jury "to fairly resolve conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007) (citing *Jackson*, 443 U.S. at 318–19); *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007).

---

[2]Mondy entered copies of the money orders into evidence as Defendant's Exhibit 2.

Legal sufficiency of the evidence is measured by the elements of the offense as defined by a hypothetically correct jury charge. *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). The "hypothetically correct" jury charge is "one that accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." *Id*.

A person commits the offense of driving while license invalid if he (1) operates a motor vehicle, (2) on a highway, (3) "during a period that the person's driver's license or privilege is suspended or revoked." TEX. TRANSP. CODE ANN. § 521.457(a)(2) (West 2013). "[I]t is an affirmative defense to prosecution of an offense, [other than certain automatic suspensions], that the person did not receive actual notice of a cancellation, suspension, revocation, or prohibition order relating to the person's license." TEX. TRANSP. CODE ANN. § 521.457(d) (West 2013). Moreover, "actual notice is presumed if the notice was mailed in [accord] with law."[3] *Id*.

The State contends that because the notice was mailed to Mondy in accord with the law, the presumption of actual notice applies. Once lack of notice has been raised by the defense, the State has the burden of showing the date the notice was mailed to Mondy. *See White v. State*, 458 S.W.3d 188, 191 (Tex. App.—Texarkana 2015, no pet.). In *White*, we explained that the Texas Department of Public Safety (TDPS) is required to notify a license holder of a suspension by first-

---

[3]The court's charge properly instructed the jury on this affirmative defense.

class mail to the license holder's address as it is reflected in TDPS records. *Id*. at 191–92. Consequently,

> [i]f competent evidence of when the notice of suspension was mailed is introduced, then the calculation of the date that the suspension became effective can easily be determined. On the other hand, when no evidence is presented showing that such a notice of suspension was prepared and mailed on a certain date, then the date on which the suspension became effective cannot be determined.

*Id*. at 192. We, therefore, determined that "absent the evidence of the date the mailing took place, the State fails to show that the alleged violation occurred during a period that the person's driver's license or privilege had been suspended or revoked." *Id.*

At trial, Mondy testified that he did not receive either of the May 5 notices of suspension. We therefore examine the entire record to determine if it includes evidence that these notices were mailed on a certain date. Two "Surcharge Default and Suspension" notices were introduced into evidence by the State.[4] They are identical, with the exception of reference numbers. Both are

---

[4]Section 708.152 of the Transportation Code, entitled "Failure to Pay Surcharge" provides:

> (a)      If on the 60th day after the date the department sends a second notice under Section 708.151 the person fails to pay the amount of a surcharge on the person's license or fails to enter into an installment payment agreement with the department, the license of the person is automatically suspended. A person's license may not be suspended under this section before the 105th day after the date the surcharge was assessed by the department.

> (b)      A license suspended under this section remains suspended until the person pays the amount of the surcharge and any related costs.

TEX. TRANSP. CODE ANN. § 708.152 (West 2011). Even though subsection (a) provides for automatic suspension, Mondy was nevertheless entitled to actual notice of the suspension. Section 521.457(c) states, "It is not a defense to prosecution under this section that the person did not receive actual notice of a suspension imposed as a result of a conviction for an offense under Section 521.341." TEX. TRANSP. CODE ANN. § 521.457(c) (West 2013). Section 521.341, entitled "Requirements for Automatic License Suspension," lists certain Penal Code offenses for which a driver's license is automatically suspended on final conviction of any of the listed offenses. TEX. TRANSP. CODE ANN. § 521.341 (West 2013). This section does not include a failure to pay a surcharge. Consequently, Mondy was entitled to actual notice of the suspension pursuant to section 521.457(d).

dated May 5, 2015 and show the same balance due. Both include a payment stub at the bottom of the notice, reflecting Mondy's Washington Street address with instructions to detach the lower portion and return it with the payment. There is no evidence in the exhibit record that either of these notices was, however, actually mailed on May 5, 2015 or at any time thereafter. There is no evidence of an envelope, return receipt, or other mailing showing these notices were mailed to Mondy at any time. Although the State proved that the TDPS drafted two suspension notices indicating Mondy's license was suspended, this is not evidence of the date of mailing, if any. Moreover, the fact that Mondy evidently received previous mailings from the TDPS does not prove that the notices in question were mailed or that Mondy received them.

The sole witness called by the State at trial was Officer Henderson. Henderson testified that he did not know if Mondy received notice that his license was suspended. The record simply contains no evidence that the notices were mailed or that Mondy otherwise had actual notice of the suspension. Such notice is required—except in the case of certain automatic suspensions—to effect the suspension. *Podany v. State*, 358 S.W.2d 118, 119 (Tex. 1962) (when evidence showed appellant did not receive notice of order suspending license, conviction for driving while license suspended could not stand); *White*, 458 S.W.3d at 191–92.

The State maintains that proof the notices were dated May 5, 2015 also proves that they were mailed on that date. To so conclude would amount to nothing more than speculation and surmise. The jury is "not permitted to come to conclusions based on mere speculation or factually unsupported inferences or presumptions." *Hooper*, 214 S.W.3d at 15. And, although "[a] conclusion reached by speculation may not be completely unreasonable, . . . it is not sufficiently

6

based on facts or evidence to support a finding beyond a reasonable doubt." *Id.* at 16. We, therefore, conclude that the evidence is insufficient to support Mondy's conviction.[5]

## III.    Conclusion

We reverse the judgment of the trial court and render a judgment of acquittal in favor of Mondy.


                                        Bailey C. Moseley
                                        Justice


Date Submitted:        November 28, 2016
Date Decided:          January 24, 2017

Do Not Publish

---

[5]Because we find that the evidence is legally insufficient to support Mondy's conviction, we need not address Mondy's due process complaint.