

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-17-00446-CR

MELISSA CANTU, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the County Court at Law No. 1
Lubbock County, Texas
Trial Court No. 2017-488,824, Honorable Mark Hocker, Presiding

March 20, 2019

## MEMORANDUM OPINION

Before QUINN, C.J., and PIRTLE and PARKER, JJ.

Following a jury trial, Melissa Cantu, appellant, was found guilty of the offense of driving while license invalid (DWLI[1]) which was enhanced to a class B misdemeanor by a previous conviction for DWLI.[2] The trial court sentenced appellant to confinement in

---

[1] *See* TEX. TRANSP. CODE ANN. § 521.457(a)(2). During the 2017 legislative session, the Texas Legislature amended subsection (d) of section 521.457 of the Transportation Code, which relates to an affirmative defense to DWLI. *See* Act of May 24, 2017, 85th Leg., R.S., ch. 1079, § 4, 2017 Tex. Gen. Laws 4225, 4226 (current version at TEX. TRANSP. CODE. ANN. § 521.457 (West 2018)). This amendment does not substantively affect our analysis in this case. We will note other 2017 amendments in our discussion of the pertinent statutes.

[2] *Id* § 521.457(f)(1).

the Lubbock County Jail for 180 days, suspended the sentence for eighteen months, and placed appellant on community supervision. In her sole issue, appellant contends that the evidence was insufficient to establish that her license was suspended. We affirm the judgment of the trial court.

## Background

On September 10, 2016, Lubbock Police Sergeant Tim Seeley observed appellant driving her automobile with an unrestrained child inside. Seeley initiated a traffic stop and asked appellant for her driver's license and insurance. After learning that appellant's license was suspended, Seeley arrested appellant for DWLI. Seeley allowed appellant to use her phone to call a relative to pick up the child.

At trial, the State introduced portions of the police dashcam video. In the video, appellant is talking on the phone and states, "they're fixing to impound the car, because I don't have no license and they're taking me to jail." The State also introduced a heavily redacted, certified copy of appellant's driving record through Kimberlee Hughes, a custodian of records for the Texas Department of Public Safety (DPS). Appellant's driving record revealed two suspensions in effect on September 10, 2016. The first suspension had a begin date of August 22, 2016, and a lift date of September 14, 2016. The second suspension had a begin date of June 20, 2016, and a lift date of September 14, 2016. Hughes further testified that appellant's driver's license was suspended on September 10, 2016. The State also introduced a certified copy of appellant's prior conviction for DWLI.

2

After the State rested, appellant moved for a directed verdict contending that the State failed to prove that notice of the suspension was sent to appellant. The directed verdict was denied and appellant rested. The jury found appellant guilty of the class B misdemeanor offense of DWLI. The trial court sentenced appellant to confinement for 180 days but suspended the sentence and placed appellant on community supervision for eighteen months. Appellant timely appealed from the resulting judgment.

By her appeal, appellant contends that the evidence was insufficient to support her conviction for DWLI.

Standard of Review

When reviewing the sufficiency of the evidence, we view all of the evidence in the light most favorable to the verdict to determine whether any rational factfinder could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979); *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010). We consider both direct and circumstantial evidence as well as all reasonable inferences that may be drawn from that evidence. *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007).

Law and Analysis

Under Texas law, a person "may not operate a motor vehicle on a highway in this state unless the person holds a driver's license under [Chapter 521 of the Texas Transportation Code]." TEX. TRANSP. CODE ANN. § 521.021 (Wes 2018).[3] To support a

---

[3] Further references to provisions of the Texas Transportation Code will be by reference to "section __" or "§ __."

3

conviction for DWLI, the evidence had to establish beyond a reasonable doubt that appellant (1) operated a motor vehicle, (2) on a highway, (3) during a period that appellant's driver's license was suspended or revoked. § 521.457(a)(2). On appeal, appellant challenges only the sufficiency of the evidence to support the third element— that her act of operating a motor vehicle on September 10, 2016, occurred during a period that her driver's license had been suspended.

Relying on *White v. State*, 458 S.W.3d 188, 193 (Tex. App.—Texarkana 2015, no pet.), appellant argues that the State did not provide evidence of when the DPS mailed a notice of suspension to appellant and, without such evidence, the State did not prove that an actual suspension was in effect. *See* §§ 521.295, .297(a). In response, the State contends that *White* is distinguishable and that, by introducing a certified copy of appellant's driving record along with testimony from the DPS records custodian that appellant's license was suspended on September 10, 2016, the State presented sufficient evidence to prove the period of suspension on the date in question. *See* § 521.457(a)(2); *Stautzenberger v. State*, 232 S.W.3d 323, 326-27 (Tex. App.—Houston [14th Dist.] 2007, no pet.) (certified copy of driving record sufficient to support conviction for DWLI). We agree with the State.

In *White*, the State alleged that White had three active suspensions. *White*, 458 S.W.3d at 189. However, the only evidence that the State proffered to show that White's driver's license had been suspended was the testimony of the arresting officer and the license return printed out from the officer's in-car computer. *Id.* White introduced evidence that disputed the State's assertion that White's license was suspended on the date in question. Specifically, White introduced an order of suspension informing him that

4

his driver's license had been suspended which he testified to receiving five days after the date in question. *Id.* at 190. Further, White testified that he knew of no other suspensions. *Id.* "Without any evidence that a notice of suspension was mailed or the date that any such notice was mailed, there was insufficient evidence presented by the State to support a finding that a valid suspension period was in effect at the time White was operating his vehicle." *Id.* at 193. The Texarkana court of appeals determined that the State had the burden of showing the date the notice was mailed to White and "absent the evidence of the date the mailing took place, the State fails to show that the alleged violation occurred during a period that the person's driver's license or privilege had been suspended or revoked." *Id.* at 192.

In the instant case, the State introduced a certified abstract of appellant's driving record maintained by DPS outlining appellant's enforcement action history. That record showed two separate suspensions that were in effect at the time appellant was arrested on September 10, 2016. The first period of suspension commenced on June 20, 2016, and the second period of suspension commenced on August 22, 2016. Moreover, in addition to the testimony from the arresting officer, a DPS records custodian testified that, based on appellant's driving record, a suspension was in effect on September 10, 2016.

We do not construe section 521.457 as requiring proof of a period of suspension only by evidence of the mailing of a notice, although we agree with the court in *White* that is one way to prove a period of suspension. We conclude that the certified abstract of appellant's driving record indicating that appellant's license was suspended is sufficient evidence to support appellant's conviction for DWLI. *See Gensollen v. State,* No. 05-17-00704-CR, 2018 Tex. App. LEXIS 801, at *2 (Tex. App.—Dallas Jan. 29, 2018, no pet.)

(mem. op., not designated for publication) (certified copy of defendant's driving record in a prosecution for DWLI was highly probative because it proved defendant's license was suspended on the date of the charged offense); *Perkins v. State*, No. 03-14-00733-CV, 2016 Tex. App. LEXIS 1730, at *12 (Tex. App.—Austin Feb. 19, 2016, pet. denied) (mem. op., not designated for publication) (DPS driving record showing defendant's license was suspended was relevant evidence in DWLI prosecution); *Stautzenberger*, 232 S.W.3d at 326-27 (certified copy of defendant's driving record showing that he was driving after his license had been revoked sufficient to prove DWLI).

Viewing the evidence in the light most favorable to the jury's verdict, the evidence is sufficient to support the jury's finding that appellant operated the vehicle during a period that appellant's license was suspended.

## Conclusion

We overrule appellant's sole issue on appeal and affirm the trial court's judgment.


Judy C. Parker
Justice


Do not publish.